**420**  GUILFORD *v.* JACOBIE.

Samuel T. Guilford, Respondent, *v.* Clara M. Jacobie, Appellant, Impleaded with Cynthia Crandall.

*Prior mortgagee as defendant in an action brought ·to foreclose a second mortgage — form of the judgment — pendency of an action subsequently brought to foreclose the prior mortgage — costs.*

It is proper to make the owner of a past-due prior mortgage a party defendant to an action brought to foreclose a second mortgage on the same premises, in order that the amount of the prior mortgage may be determined and be paid out of the proceeds of the foreclosure sale, and its lien be discharged.

When the owner of a past-due prior mortgage has been made a defendant in an action brought to foreclose a second mortgage, it is proper that the judgment in such action should provide that the referee's fees and expenses of sale be first paid out of the proceeds of the sale, and that the amount due on the prior mortgage be then paid before any payment to the plaintiff on account of his mortgage, or for costs, but the prior mortgagee is not entitled to have the premises sold subject to his mortgage, or to a direction that the amount of his mortgage be paid before the referee's fees and expenses of sale.

While the pendency of an action to foreclose a second mortgage is not a legal defense to a subsequent action brought to foreclose a prior mortgage, still such subsequent action does not prevent the plaintiff in the action on the second mortgage, in which the prior mortgagee is a defendant, from proceeding therewith, and from bringing the mortgaged premises to a sale.

When a prior mortgagee commences an action to foreclose his mortgage, during the pendency of an action to foreclose a second mortgage, in which the prior mortgagee is a defendant, the question as to whether the judgment in the action on the second mortgage shall provide for the payment to the prior mortgagee of the costs and disbursements incurred in his action to foreclose his mortgage, in addition to the amount due on his mortgage, is addressed to the discretion of the trial court.

Appeal by the defendant, Clara M. Jacobie, from an order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk of Warren county on the 14th day of September, 1892, denying her motion for a modification of the judgment rendered in an action brought by Samuel T. Guilford to foreclose a second mortgage upon premises in Warren county, executed to him by the defendant, Cynthia Crandall. The complaint alleged that the defendant, Clara M. Jacobie, was the assignee and owner of a past-due prior mortgage upon the same premises, and that she had or claimed some interest in or lien upon the mortgaged premises prior to the lien of the plaintiff's mortgage. The complaint

demanded that the defendants be foreclosed of all right, lien and equity of redemption in the mortgaged premises; that the premises be sold, and that the plaintiff be paid out of the proceeds of the sale the amount due on his mortgage and costs; that the defendant Crandall be adjudged to pay any deficiency that might remain; and that "the amount due upon the bond and mortgage upon said premises held by defendant, Clara M. Jacobie, be ascertained and paid before payment of the sum due to plaintiff upon his said bond and mortgage."

The defendant Jacobie appeared in the action, but did not answer, and a reference was ordered to compute the amount due upon her mortgage, as well as the amount due upon the plaintiff's mortgage, and on the coming in of the referee's report, a judgment was rendered, confirming the report and directing a sale of the mortgaged premises, and that "out of the moneys arising from such sale, after deducting the amount of his fees and expenses on such sale as provided by sections 1626 and 1676 of the Code of Civil Procedure, the said referee pay to the plaintiff's attorney the sum of three hundred thirty-seven dollars and seventy-three cents, adjudged to the plaintiff for costs and charges in this action, with interest from the date thereof after paying defendant Jacobie's mortgage, and that said referee out of the proceeds of such sale pay to the defendant, Clara M. Jacobie, the sum of $1,203.83, with interest thereon from the 7th day of July, 1892, being the amount due upon her mortgage, and out of the balance of the proceeds of such sale he pay to the plaintiff or his attorney the sum of $1,265.82, with interest thereon from the date hereof, and that he pay over the surplus moneys arising from the sale, if any there should be, to the Treasurer of the County of Warren."

Thereafter the defendant Jacobie made a motion to modify this judgment, upon affidavits which alleged that it was admitted before the referee to compute the amount due "by the attorney for the defendant, Clara M. Jacobie, that an action to foreclose the said Clara M. Jacobie's bond and mortgage, was commenced by her against Henry Mickle and twenty-four other defendants, in the month of September, 1891, and that the plaintiff herein has served an answer therein, setting up the following defenses: *First*, a general denial; *second*, the Statute of Limitation; *third*, payment,

except $700; *fourth*, the commencing and pendency of the above-entitled action, and that said action was then pending; that said admissions made at that time are according to the facts, and that said action began by said Clara M. Jacobie upon her prior mortgage is still pending at issue and untried. That the amount reported due upon said Jacobie's prior bond and mortgage was the amount due for the principal and interest, and did not include any costs or disbursements of the action pending for the foreclosure thereof."

The defendant Jacobie asked that the judgment be modified as follows:

"*First.* By providing therein that said sale should be had and made subject to the defendant's, Clara M. Jacobie, mortgage.

"*Second.* That if the first proposition is denied, that the fees and expenses of sale, as provided in sections 1626 and 1676 of the Code of Civil Procedure, shall not be paid until the said defendant Jacobie is paid the full amount due upon her mortgage.

"*Third.* That in case the first proposition is denied, that the said Clara M. Jacobie be paid the sum of $1,203.83, with interest from the 7th day of July, 1892, together with the costs and disbursements of the action brought by her as above stated, to the time of such payment, to be taxed by the Clerk of Warren County."

The motion was denied, and from the order of denial the defendant Jacobie appealed.

*H. Prior King*, for the appellant.

*J. H. Bain*, for the respondent.

PUTNAM, J.:

The order should be affirmed. The defendant Jacobie's mortgage is past due; there is no dispute as to the amount secured by it, and the judgment of which she complains provides for its payment out of the *first* proceeds of the sale, after deducting the referee's fees and expenses thereon, before any part of such proceeds are received by plaintiff on account of his mortgage debt or costs.

It was proper for plaintiff to make the prior mortgagee a party defendant, that the amount of her mortgage might be determined and paid out of the proceeds of the sale, and its lien discharged. (*Met. Trust Co.* v. *Tonawanda, etc., R. R. Co.*, 43 Hun, 524;

*Holcomb* v. *Holcomb*, 2 Barb. 20 ; *Vanderkemp* v. *Shelton*, 11 Paige, 29 ; *Western Ins. Co.* v. *Eagle Fire Ins. Co.*, 1 id. 284 ; 3 Rumsey's Pr. 111 ; *Emigrant Industrial Sav. Bank* v. *Goldman*, 75 N. Y. 132.)

It has been held that the pendency of plaintiff's action to foreclose his mortgage was not a legal defense to a subsequent action by defendant to foreclose her prior mortgage. (*Adams* v. *McPartlin*, 11 Abb. N. C. 369.)

But such subsequent action does not prevent plaintiff from proceeding in this case, and bringing the mortgaged premises to a sale under the judgment properly entered herein, and carrying out the provisions of said judgment. The question whether defendant Jacobie should be allowed in addition to the amount on her mortgage for principal and interest the costs and disbursements incurred in her (unnecessary) action to foreclose her mortgage, was one addressed to the discretion of the court below.

The order must be affirmed, with costs and printing disbursements.

MAYHAM, P. J., concurred.

Order affirmed, with costs and printing disbursements.