CLARA M. JACOBIE, Appellant, *v.* HENRY MICKLE, Impleaded, etc., Respondent.

Where the complaint in a foreclosure action alleged the existence of a prior mortgage, and in the prayer for relief it was asked that the amount due thereon be ascertained and first paid out of the proceeds of sale, and the owner of the prior mortgage was made a party and suffered default, and the judgment followed the prayer for relief, *held*, that such prior incumbrancer was concluded by the judgment; and so, that it was a bar to the maintenance of an action to foreclose his mortgage.

*It seems*, that while a prior incumbrancer is not a necessary or proper party in an action to foreclose a mortgage, yet, if made a party, the court has jurisdiction, and may grant the relief demanded in the complaint in case he makes default; that if he does not desire to have his rights adjudicated he should appear, and by answer or demurrer raise the question that he is improperly made a party.

(Argued December 12, 1894 ; decided December 21, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order

made July 8, 1893, which affirmed a judgment in favor of defendant entered upon an order dismissing the complaint on trial at Circuit without a jury.

This was an action for the foreclosure of a mortgage.

The facts, so far as material, are stated in the opinion.

*H. P. King* for appellant. The only proper parties to an action of foreclosure are the mortgagor, mortgagee and those who have acquired rights under them, subsequent to the mortgage, so far as legal rights are concerned. (*I. I. S. Bank* v. *Goldman,* 75 N. Y. 127; *McReynolds* v. *Munns,* 3 Keyes, 214; *E. F. I. Co.* v. *Lent,* 6 Paige, 635; *Lewis* v. *Smith,* 5 Seld. 82; *Clements* v. *Griswold,* 46 Hun, 380; *Smith* v. *Roberts,* 91 N. Y. 470–477.)

*J. H. Bain* for respondent. The judgment in the prior action is final and conclusive between the parties, not only as to the matters actually determined, but as to every other matter which the parties might have litigated and have had decided as incident to or essentially connected with the subject-matter of the original action, either as a matter of claim or defense. (*Patrick* v. *Shaffer,* 94 N. Y. 430; *Jordan* v. *Van Epps,* 85 id. 427, 436; *Embury* v. *Conner,* 3 id. 522; *Parkhurst* v. *Berdell,* 110 id. 392; *Krekeler* v. *Ritter,* 62 id. 372; *Church* v. *Kidd,* 88 id. 654; *Pray* v. *Hegeman,* 98 id. 352; *Goebel* v. *Iffla,* 111 id. 177; *Gates* v. *Preston,* 41 id. 113; *Newton* v. *Hook,* 48 id. 676, *Porter* v. *Kingsbury,* 77 id. 167; *Schuele* v. *Reiman,* 86 id. 273; *E. S. Bank* v. *Goldman,* 75 id. 127.) All persons having any interest in the premises may be made parties. The fact that other persons were parties is no objection. (58 N. Y. 628; *Van Derkempt* v. *Shelton,* 11 Paige, 29; *Doctor* v. *Smith,* 16 Hun, 245; *M. T. Co.* v. *T. R. Co.,* 43 id. 521.)

EARL, J. The plaintiff and the defendant Guilford each had a mortgage upon real estate in Warren county, her mortgage being prior to his. He commenced an action to foreclose

his mortgage in July, 1891, making her a defendant therein. The complaint in that action alleged her mortgage, and that it was prior to his mortgage, and, among other things, demanded that the amount due upon her mortgage should be ascertained and paid before the amount due upon his. She suffered default in the action and judgment was rendered therein which provided that out of the proceeds of the sale of the premises her mortgage should be first paid. In September, 1891, she commenced this action to foreclose her mortgage, making him a defendant, and by a supplemental answer served by him in Nov., 1892, he alleged, as a defense to the action, that, before the commencement thereof, he commenced the action for the foreclosure of his mortgage, making her one of the defendants therein as the holder of the prior mortgage, and that that action had been prosecuted to judgment, and that final judgment of foreclosure and sale had been rendered therein providing for the prior payment of her mortgage.

The court below held that the prior action and judgment therein were a bar to the maintenance of this action, and dismissed the complaint; and the sole question for our determination is whether the judgment of foreclosure and sale in the junior mortgagee's action is a bar to the maintenance of the action brought by the plaintiff as prior mortgagee.

It is undoubtedly the general rule that the only proper parties to an action of mortgage foreclosure are the mortgagee and mortgagor and those who have acquired rights under them subsequent to the mortgage. It has been held that where the prior incumbrancer has been made a party defendant in the foreclosure action, under a complaint in the usual form, alleging that such incumbrancer's interest is subordinate to the mortgage, and containing the usual prayer for judgment, and the usual judgment in foreclosure is rendered, the interest of the incumbrancer is not cut off by the sale under such a judgment. (*McReynolds* v. *Munns*, 2 Keyes, 214; *Lewis* v. *Smith*, 9 N. Y. 502; *Immigrants' Industrial Savings Bank* v. *Goldman*, 75 id. 127; *Smith* v. *Roberts*, 91 id. 470; *Holcomb* v. *Holcomb*, 2 Barb. 20.) But where the com-

plaint in the foreclosure action alleges the prior incumbrance, and prays for relief that the amount due thereon be ascertained, and that such amount be first paid out of the proceeds of the sale in foreclosure, and • the judgment follows the prayer of the complaint, it has never been doubted in any case that the prior incumbrancer suffering default in such an action is concluded by the judgment therein. In such an action the court has jurisdiction of the subject of the action and the parties, and it cannot be doubted that it can render judgment against a defaulting defendant in precise accordance with the prayer for relief.

If Mrs. Jacobie did not desire to have her rights, as prior mortgagee, adjudicated in the action brought by Guilford, she should have appeared and demurred or answered in that action, and thus have raised the question that she was not a proper party thereto, and had it adjudicated therein. But having, by her default, consented that judgment comprehended within the prayer for relief might be rendered against her, she cannot attack that judgment collaterally, or successfully object that it does not conclude her as to everything therein contained and adjudicated. If she omitted, by any inadvertence or excusable neglect, to answer or demur in that action, her only relief was by an application to the court to open her default and to permit her to come in and defend the action. If she is now in anywise embarrassed by that adjudication in consequence of something that has happened since it was made, her relief must be obtained from the court in which the judgment was rendered. A prior mortgagee may be prejudiced by being made a party defendant in an action commenced by the junior mortgagee. Some person made a party defendant in such an action may defend against the junior mortgage, and thus there may be prolonged litigation, and the prior mortgagee may be delayed in the enforcement of his mortgage, or in other ways embarrassed; but his relief in all such cases must be by application to the court in which the action is pending, and it has ample power to mould its relief to the exigencies of the case so as to pro-

tect the prior incumbrancer from all unnecessary loss and damage.

We are, therefore, of opinion that this judgment was right, and should be affirmed, with costs.

All concur.

Judgment affirmed. _____