(34 Misc. Rep. 354.)

METROPOLITAN TRUST CO. OF CITY OF NEW YORK v. DOLGEVILLE ELECTRIC LIGHT & POWER CO. et al.

(Supreme Court, Special Term, Onondaga County. March, 1901.)

1. TRUST MORTGAGE—FORECLOSURE—REFERENCE.

In an action to foreclose a trust mortgage given by a corporation to secure its bonds, and covering all its property at the time of its execution, and also its future-acquired personalty, the court can, at request of the trustee claiming a lien on both classes of personalty, and alleging that defendant has a lien subject to the mortgage, appoint a referee to determine the amount due under the mortgage and the property covered thereby, and also direct him to determine the validity and priority of a levy of an execution by the defendant judgment creditor on personal property acquired by the mortgagor after the execution of the mortgage.

2. SAME—SUPERIOR LIEN—VALIDITY.

In an action to foreclose a lien, the validity of a superior lien can be tried, where such lien was acquired from the mortgagor by virtue of transactions occurring after the mortgage was given.

Suit by the Metropolitan Trust Company of the City of New York against the Dolgeville Electric Light & Power Company and others to foreclose a mortgage executed by said electric company. Augusta Anna Dolge appeared as defendant, setting up certain dower rights. The Commercial Bank, a judgment creditor of the mortgagor, claimed a lien by levy of a certain execution. Plaintiff moved to have a referee appointed to compute the amount due on the mortgage, and to ascertain the dower rights of defendant Dolge, and to report a description of all the property subject to the lien of the mortgage, and whether any of the defendants have liens superior to that of the mortgage. Granted.

Parsons, Shepard & Ogden and Robert E. Drake, for plaintiff.
M. G. Bronner, for defendant James D. Feeter.
McGuire & Wood, for defendant Commercial Bank.

HISCOCK, J. No objection is made to the appointment of a referee to compute the amount due upon the mortgage bonds and coupons set forth in the complaint, and to ascertain and settle the alleged dower rights of the defendant Augusta Anna Dolge. The only opposition is by the defendant Commercial Bank to having the referee to be appointed herein determine what property is covered by the said mortgage, and whether the lien of said bank is subsequent and subordinate to that of plaintiff's mortgage. The practical dispute between plaintiff and said defendant, and which may be determined by a reference, if ordered, as desired by plaintiff, is whether the plaintiff under its mortgage, or said defendant under its levy, has the prior lien upon and rights in a certain lot of personal property which was acquired by the above-named mortgagor some time after the execution of the mortgage. The levy under the execution issued in favor of said defendant bank against said mortgagor at the date above stated was made upon a large amount of wire and some other electrical apparatus, which it appears had been acquired some time before the date of said levy and after the execution of the mortgage in question by the mortgagor, for the purpose of equipping and extending its lines, and which property is said to be worth several hundred dollars. Said levy was made before the appointment of the defendant Feeter as receiver. It is claimed by the plaintiff that the lien of its mortgage attached to and covered said property, although after-acquired. The defendant, upon the other hand, insists that this is not so; that its lien and rights are hostile and superior to the mortgage, and that the issue thus raised between them cannot be tried out in this foreclosure suit. In my opinion, this contention of the defendant is not well founded, and plaintiff is entitled to have a reference upon the lines moved by it herein. The mortgage executed to plaintiff purported to cover, in addition to the real estate therein described, tools, fixtures, and personal property then owned or thereafter to be acquired by said mortgagor. The complaint in this action, in substance, among other things, alleges the execution of said mortgage, and that the same did convey and transfer to plaintiff, as such mortgagee as aforesaid, such property,—that is, both that then owned

by the mortgagor and that thereafter acquired by it; and it seeks by its judgment in this action to have its mortgage foreclosed upon all of said property. Its complaint also alleges that the defendant Commercial Bank has or claims to have "some interest in or lien upon said mortgaged property hereinbefore described, and mortgaged to the plaintiff as above stated, which interest or lien, if any, is subordinate to the lien of said mortgage." It seems entirely proper that the findings and judgment in this action under the allegations of the complaint should determine with proper accuracy what property is covered by the lien of said mortgage, and can, therefore, be sold under the judgment herein. The allegations of the complaint allege sufficiently what property is covered by said mortgage, and the prayer for relief asks a judgment as to such property. It seems to me there can be no doubt but that the court under those allegations, and before it renders said judgment, may, by proper steps, ascertain and determine what property is covered by the mortgage, and as to what property it shall give a judgment of foreclosure and sale; and that it cannot be any objection to the validity and propriety of such course that the adjudication, if in favor of plaintiff's contention that its mortgage covered subsequently acquired property, would have the effect of determining that plaintiff had a mortgage lien upon the personal property in controversy which was superior to the lien of the defendant bank under its levy. The judgment herein will provide for the foreclosure and sale of certain property, and there can be no doubt of the right of this court to determine with accuracy what property is covered by the mortgage, and as to what property, therefore, such judgment of sale may be rendered.

Plaintiff's complaint, in substance, alleges that the mortgagor transferred to it personal property, both then owned and thereafter to be acquired. The defendant bank has not answered or denied the allegations of the complaint upon this subject. It will be proper for the plaintiff to produce evidence upon which to seek to obtain findings and a judgment that its mortgage did cover after-acquired property, and that among such after-acquired property covered by said mortgage was the property in question. The counsel for the said defendant has based his opposition to that portion of the proposed order of reference under discussion mainly upon the well-established rule that an action in foreclosure is not the proper proceeding in which to determine the standing of liens and claims prior and hostile to the mortgage of which foreclosure is sought, and that a general allegation in a complaint in reference to defendants having or claiming to have liens, which, if existing at all, are subordinate to that of the mortgage, does not permit the trial of such an issue. There is no doubt, of course, about the general rule applicable to certain cases as above stated. But those cases to which such rule is so applied are cases where the outstanding lien or claim is hostile and prior to the mortgage. Such would be the case of a mortgage manifestly and upon its face prior in lien to the one sought to be foreclosed, or the case of a claim of dower by a wife who had not joined in the mortgage, or a claim under a conveyance antedating and not cut off by the mortgage. Dumond v. Church, 4 App. Div. 194,

196, 38 N. Y. Supp. 557; Goebel v. Iffla, 111 N. Y. 170, 177, 18 N. E. 649; Frost v. Koon, 30 N. Y. 428, 442. This case, however, does not seem to come within such rule. No question is raised as to the validity and date of the mortgage, or as to the fact that the judgment upon which said defendant claims is subsequent and subordinate to the mortgage, or that the lien of the defendant's levy is subordinate to the lien of plaintiff's mortgage upon the property in question, provided the lien of the mortgage attached at all. There is no claim by the judgment debtor of rights which antedated the mortgage, or which conflict with or deny its validity, or which are derived through a source which is hostile to and claims priority to the mortgage. The defendant's claim is expressly made through the mortgagor, and by virtue of transactions occurring after the giving of the mortgage. The only question presented simply is whether the lien of plaintiff's mortgage did or did not attach to after-acquired property like that in question. If it did, so far as has been disclosed upon this motion, it is superior to the lien of defendant. The determination of this question, while very likely it will settle the conflicting claims between these parties, does not, in my judgment, in any way conflict with the rule above referred to. Jacobie v. Mickle, 144 N. Y. 237, 239, 39 N. E. 66; Ruyter v. Reid, 121 N. Y. 498, 24 N. E. 791. It is proper in an action of foreclosure to determine whether the claim of a defendant accrued before or subsequent to the lien of the mortgage. If it should appear that it accrued prior to the lien of the mortgage, plaintiff would not have a right, at least under general allegations such as contained in the complaint in this case, to contest such prior lien. Dumond v. Church, 4 App. Div. 194, 197, 38 N. Y. Supp. 557.

It was suggested that the allegations of plaintiff's complaint were not broad enough to cover and include a claim under its mortgage of a lien upon the personal property owned by the mortgagor superior to that acquired by the defendant. An inspection of the complaint, however, does not justify this view. No objection was made upon the argument of the motion or by the briefs submitted to sending these questions, if they should be held to be proper ones, to a reference. Therefore, in accordance with the views expressed, an order of reference may be taken to Charles D. Thomas, Esq., to compute the amount due on the bonds and mortgage and coupons referred to in the complaint herein; to ascertain whether the defendant Augusta Anna Dolge has or is entitled to any inchoate dower right in or in respect of the lands, premises, and real property referred to in the complaint herein and in her answer, or any part of such lands, premises, and real property; and, in case any such right exists, to ascertain and determine what portion of said lands, premises, and real property is affected thereby, and the value of such right, if any, according to law and the rules and practice of this court; and also to ascertain and report to this court a description of all the property, real and personal, which is now subject to the lien of the mortgage set forth in the complaint herein, so far as the same is alleged in said complaint; and whether the defendants, or any of them, have or claim to have some interest in or lien upon said mortgaged property, or any part thereof, which interest or lien, if any, is subordinate to the lien of

said mortgage, and what the same consists of; and to make report to
this court in respect of any and all of said matters.

Ordered accordingly.