CITIZENS' PERMANENT SAVINGS & LOAN ASS'N v. RAMPE et al.

(Monroe County Court. March 16, 1909.)

1. PLEADING (§ 176*)—REPLY—SUFFICIENCY.
   Under Code Civ. Proc. § 514, providing that the reply must contain a general or special denial of each material allegation of the counterclaim controverted by plaintiff, etc., a reply which is merely an explanation of what plaintiff meant by the allegation in the complaint is insufficient.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 346; Dec. Dig. § 176.*]

2. MORTGAGES (§ 459*)—FORECLOSURE—ISSUES.
   A complaint in an action to foreclose a mortgage, which alleges that another mortgage was subsequent to that of plaintiff, and an answer denying the allegation, raise the issue of which mortgage is the first lien.
   [Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 459.*]

3. ESTATES (§ 10*)—"MERGER" OF ESTATES.
   "Merger," in law, is accomplished when two or more estates unite in the same person, and when such estates comprise the whole legal and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

equitable interest the person holding them becomes the absolute owner; but in equity the union of legal and equitable estates in the same person does not effect a merger, unless such was the intention of the parties, and when equity requires it.

[Ed. Note.—For other cases, see Estates, Cent. Dig. §§ 9–13; Dec. Dig. § 10.*

For other definitions, see Words and Phrases, vol. 5, pp. 4492, 4493.]

4. MORTGAGES (§ 268*)—MERGER.

In 1889 A. made a mortgage to B. In 1891 he made a mortgage to C. In 1894 he conveyed the mortgaged premises to D., to whom B.'s mortgage and the indebtedness thereby secured was subsequently assigned. It was not the intention that B.'s mortgage should merge in the deed to D. At the time the mortgage to C. was executed, he had notice of the mortgage to B. *Held* that at law, there was no merger of B's mortgage, because of the intervening mortgage to C., nor in equity, since there was no intention to merge, and since equity did not require a merger.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 696; Dec. Dig. § 268.*]

5. MORTGAGES (§ 564*)—FORECLOSURE—JUDGMENT.

A judgment foreclosing a mortgage covering separate parcels, some of which are included in a prior mortgage, must order a sale of the parcels separately, and direct that out of the proceeds of the sale arising from the parcels covered by the prior mortgage the prior mortgage must be paid, and the balance, if any, applied on the second mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1627; Dec. Dig. § 564.*]

Action by the Citizens' Permanent Savings & Loan Association against Charles W. Rampe and another to foreclose a mortgage. Judgment directed.

George Neary (William Neary, of counsel), for plaintiff.

William M. Botes (William H. Sullivan, of counsel), for defendant Charles W. Rampe.

BARHITE, J. The plaintiff, a loan association, brings this action to foreclose a certain mortgage made by the defendants William F. Rampe and wife as security for the sum of $11,400. The complaint contains the allegations usual in actions of this character. Plaintiff's mortgage was made on the 28th day of April, 1891, and was recorded on the same day in Monroe county clerk's office. It appears that there is due upon the plaintiff's mortgage $7,496.40, with interest thereon from April 8, 1894.

The defendant Charles W. Rampe answers. In his answer he denies that his interest in or lien upon the mortgaged premises has accrued subsequent to the lien of the plaintiff's mortgage, and denies that the mortgage set forth in the answer is a lien subsequent or inferior to the plaintiff's mortgage. He further sets up a counterclaim, which alleges that on the 11th day of June, 1889, the defendant William F. Rampe and wife executed a mortgage to Charles T. Kolb for $6,000, and that this mortgage was recorded on the 12th day of July, 1889. The defendant further alleges that this mortgage was thereafter and on the 11th day of December, 1895, for value, duly transferred to him, and that there is due upon the mortgage in question the sum of $6,000 and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

interest since the 11th day of June, 1889. The defendant asks that the plaintiff's complaint as against him be dismissed, and that the mortgage set forth in his answer may be foreclosed.

The plaintiff served a reply, which is in effect a statement that the plaintiff does not in any manner claim that the mortgage described in the answer of the defendant Charles W. Rampe is a subsequent and inferior lien to the mortgage described in the complaint herein, and further states that the claim of the defendant Charles W. Rampe, referred to in plaintiff's complaint as having accrued subsequent to the lien of the plaintiff's mortgage, is said Rampe's ownership of the equity of redemption by virtue of a deed of the premises executed by William F. Rampe and wife, bearing date February 5, 1894, after the mortgage described in the complaint was executed and recorded, and that no other claim of said Charles W. Rampe is described or referred to in the complaint in this action. The mortgage owned by the defendant Charles W. Rampe, and which will be referred to as the "Kolb mortgage," covers some of the parcels of land upon which plaintiff's mortgage is also a lien.

The first question arises as to the pleadings. The claim of the defendant is that plaintiff's reply is not in the form prescribed by the Code, and is, therefore, no reply at all, and that consequently the counterclaim in the answer is admitted, and that the plaintiff cannot bring in question the facts set forth in that counterclaim. Section 514 of the Code provides that:

"The reply must contain a general or specific denial of each material allegation of the counterclaim controverted by the plaintiff, or of any knowledge or information thereof sufficient to form a belief," etc.

The reply does not conform to the above requirement of the Code, and cannot be considered one of the pleadings in the action. It is merely an explanation of what plaintiff meant by the allegation in the complaint that the defendant's lien was inferior and subsequent to that of the plaintiff. It was competent for the defendant to set forth the mortgage owned by him as a counterclaim and to ask for its foreclosure, and such action is proper; but the question as to whether or not the reply is proper in form is of very little consequence.

The only issue between the plaintiff and the defendant Charles W. Rampe is whether plaintiff's lien upon the premises described in the Kolb mortgage is a first lien or is subsequent to the lien of the Kolb mortgage; and this issue does not depend upon the question whether or not a proper reply was served, because the plaintiff in his complaint alleges that the lien of the defendant named is subsequent to that of the plaintiff, and this allegation is denied in defendant's answer. It follows necessarily that the issues formed by the complaint and the answer are such that the evidence necessary to determine which mortgage is the first lien can be properly admitted. Wade v. Strever, 166 N. Y. 251, 59 N. E. 825. In the case cited the defendant demanded judgment that her mortgage be adjudged and declared a prior lien as against all the parties to the action, and that it might be foreclosed. The plaintiff served no reply. Upon the trial the court awarded the defendant the relief demanded in her answer, without taking any proof

upon the issue raised by the denial of the allegations of the complaint. To use the language of the Court of Appeals:

"This decision seems to have been based upon the theory that the plaintiff, by not replying to the defendant Miller's answer, admitted all its allegations, and judgment in her favor was awarded against the plaintiff, while the action was suspended as to the other defendants. We think this disposition of the case was unjustified and erroneous. It is difficult to understand how, upon any correct theory, the issues thus joined could be disposed of without permitting the plaintiff to prove the facts she alleged. The defendants were proper parties, and the question of the priority of the mortgages was directly at issue. The failure to serve a reply did not admit the defendant's denial, nor any allegation of new matter in defense or contradiction of the facts alleged in the complaint."

The only question which remains to be determined is whether the Kolb mortgage merged in the title which the defendant Charles W. Rampe obtained when the premises covered by that mortgage were conveyed to him. The situation is this: On June 11, 1889, W. F. Rampe made the mortgage to Kolb; on April 28, 1891, W. F. Rampe made the mortgage to the plaintiff; February 5, 1894, W. F. Rampe deeded the premises to the defendant C. W. Rampe; December 11, 1895, the Kolb mortgage was assigned to C. W. Rampe. The assignment of this mortgage purports to convey simply the mortgage and the amount due thereon. It appears, however, from the evidence of the assignor, that no bond or note as evidence of the principal debt was ever given with this mortgage, and the only instrument was the mortgage itself. The conveyance of the mortgage without the bond, if there was a bond, would, of course, be a nullity; but I think, from the evidence of the witness Kolb, that the entire debt was transferred to the assignee, and that he is the owner of such debt and the mortgage given as security for the same.

The fact as to whether the property was actually conveyed to C. W. Rampe was sharply contested upon the trial; the defendant claiming that he knew nothing about the transfer, and that the deed to him was made without his knowledge and was never delivered. I am inclined to think, however, from the evidence of the grantee's subsequent acts with regard to this property, that there was a proper and legal conveyance, and that the title vested in him, but that his title to the mortgage did not merge in the title which he obtained by deed. In Asche v. Asche, 113 N. Y. 232, 21 N. E. 70, the court says:

"In equity the union of legal and equitable estates in the same person does not effect a merger, unless such was the intention of the parties and justice and equity require it. * * * Merger is accomplished in law when two or more estates unite in the same person, and when these estates comprise the whole legal and equitable interest in such property the person holding them becomes the absolute owner. * * * Merger requires the existence of two estates, a greater and lesser, and, upon the merger taking place, the lesser estate is said to be extinguished and absorbed in the greater; but this cannot take place where there is an intermediate estate. Merger takes place by virtue of unity of seisin."

In Smith v. Roberts, 91 N. Y. 470, the court says:

"But while a merger at law follows inevitably upon the union of a greater and lesser estate in the same ownership, it does not so follow in equity. There the doctrine is not favored, and the estates will be kept separate, where

such is the intention of the parties and justice requires it, and that intention will be gathered, not only from the acts and declarations of the party, but from a view of the situation as affecting his interest, at least prior to the presence of some third person's right."

I do not think that merger was accomplished in law, because there was an intermediate estate, viz., the mortgage of the plaintiff; neither was it accomplished in equity, because it does not appear from the facts and circumstances that such was the intention of the parties. It is quite difficult to understand why C. W. Rampe, if he intended to pay the Kolb mortgage, or that the Kolb mortgage should merge in his deed, did not take a discharge, and not an assignment of the mortgage. Further, in 1898, Charles W. Rampe released to Caecilia J. Rampe a portion of the premises covered by the Kolb mortgage. Upon the same day he deeded to Caecilia J. Rampe the premises covered by the Kolb mortgage, and the deed provided that it should remain subject to the Kolb mortgage until said premises should be released from the lien of the plaintiff's mortgage.

The assignee of the Kolb mortgage had the right to claim no merger until the rights of some third party intervened. Further, I do not think that justice or equity requires a merger. At the time that plaintiff took its mortgage the Kolb mortgage appeared upon the record, and plaintiff's officers knew that part of the property upon which the loan association was to take the lien was already covered by this mortgage. At the time the plaintiff's mortgage was executed and recorded the deed from William F. Rampe and wife to C. W. Rampe had not yet been made, so no one could be misled by any doctrine of merger. To hold that the Kolb mortgage is a prior mortgage to that of the plaintiff's mortgage takes nothing from the plaintiff that it expected to get. Its security is precisely what it agreed to take, and it appears that it would be an injustice to give it priority over the Kolb mortgage.

It appears that there was an error in the description of a portion of the property in the mortgage of the plaintiff, and also in the deed from William F. Rampe and wife to Charles W. Rampe. This error is found in the amended complaint and in the answer of the defendant. All the parties in interest are before the court and have stipulated that the description in the mortgage and deed and in the amended complaint and in the answer may be amended and corrected by making the same conform to the true description. The decree to be entered should provide for the correction of these descriptions in the deed, mortgage, and the pleadings, and should further direct the county clerk to make an entry upon the margin of the records of said mortgage and deed, referring to the decree to be entered.

The decree in this case should provide for a judgment of foreclosure and sale of plaintiff's mortgage, with costs, and also for a judgment of foreclosure and sale of the Kolb mortgage, with costs to be paid out of the proceeds arising from the sale of the property covered by it. The different parcels of land covered by plaintiff's mortgage must be sold separately, and out of the proceeds of sale arising from that portion covered by the Kolb mortgage should be

first paid the costs of the defendant Charles W. Rampe, and then the balance should be applied upon the mortgage. If there is any surplus, it should be applied to the payment of the plaintiff's mortgage. If there is any deficiency, judgment for the same may be entered against the defendant William F. Rampe.

Findings in accordance with the above opinion may be drawn and submitted to me, upon two days' notice, for approval.