EDWIN C. SMITH and DELBERT C. HEBBARD, Respondents, *v.* PURE STRAIN FARMS COMPANY, Appellant.

Fourth Department, December 5, 1917.

Real property — suit to remove cloud upon title — recording act — record of mortgage before record of prior conveyance — decree of sale on foreclosure establishes priority of mortgage — presumptions under recording act — decree of foreclosure cannot be attacked collaterally.

Where an owner, having conveyed lands, subsequently gave a mortgage on the same premises and the mortgagee was the first to record the instrument, a decree in a subsequent suit of foreclosure in which the prior grantee was allowed to intervene on its own motion, and which was based on a finding that the mortgagee paid a valuable consideration, and which ordered a sale of the premises is a judicial determination that the lien of the mortgage was superior to the prior conveyance. Hence, in a subsequent suit brought by the purchaser on foreclosure to have the prior conveyance canceled as a cloud upon his title, the judgment roll in the foreclosure action may be put in evidence and establishes the plaintiff's right to the relief demanded.

A conveyance made for a valuable consideration is presumed to be *bona fide* within the recording acts.

The fact that the mortgagor was also an officer of the corporation to which he made the prior conveyance and as such verified the petition for inter-

vention by the grantee, may be regarded as significant upon the question of the *bona fides* of the grantee's claim.

If errors were made in the suit of foreclosure they cannot be attacked collaterally in the second action, the remedy being either by appeal, or by procuring the opening of the former judgment to permit the defense to be taken.

APPEAL by the defendant, Pure Strain Farms Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Monroe on the 5th day of July, 1917, upon the decision of the court after a trial at the Monroe Special Term.

*Edson W. Hamn,* for the appellant.

*Smith & Hebbard* [*Philetus Chamberlain* of counsel], for the respondents.

FOOTE, J.:

By the judgment appealed from it was determined that plaintiffs are the owners in fee of certain lands situate in the towns of Chili and Wheatland in Monroe county, and that deeds of the same lands made by Frederick A. Brotsch, Sr., and wife to the defendant Pure Strain Farms Company and by Frederick A. Brotsch, Jr., and wife to said farms company are clouds upon plaintiffs' title and that they be canceled of record.

Defendant's appeal presents the question as to whether the evidence is sufficient to support the findings upon which the judgment is based.

When the case was reached for trial defendant did not appear and plaintiffs' proofs were taken as upon defendant's default. Two days later and before the findings and decision had been signed, defendant's counsel appeared and requested that the case be reopened, or that he be allowed to enter and file objections to certain of the testimony introduced upon the trial. Plaintiffs' counsel consented that defendant be permitted to file such objections to the testimony as it might desire. The court thereupon directed that such objections be filed in writing, whereupon defendant's counsel filed written objections to the receipt in evidence of the two judgment rolls which had been received in evidence, specifying

the grounds thereof, which objections the court overruled and allowed an exception to the defendant. Defendant's counsel also submitted a written motion for dismissal of the complaint, which was denied and an exception allowed to the defendant.

We shall assume, without deciding, that this is not a judgment by default, and that defendant is in a position to review it upon this appeal.

The proofs given by plaintiffs upon the trial consisted of the introduction of two judgment rolls from the files of Monroe county clerk's office, and oral testimony by one of the plaintiffs to the effect that plaintiffs were the owners of the property and had been in possession of it since the 22d of March, 1917, continuously; that there had been no change of ownership or possession and that no appeal had been taken from the judgment of foreclosure and sale granted July 14, 1916, which was one of the judgments the roll of which was received in evidence.

The plaintiffs originally held a mortgage upon these lands made by Frederick A. Brotsch, Jr., as mortgagor, for $7,500. It was dated May 1, 1913, and recorded February 5, 1914, and the whole sum was payable one year from date. In January, 1916, plaintiffs began an action to foreclose this mortgage and made parties the mortgagor and wife who had joined in the mortgage, and a large number of subsequent lienors and incumbrancers. The defendants Brotsch and wife served an answer. The other defendants made default in pleading.

The case was regularly upon the June Equity Term calendar for trial and had been placed upon the day calendar, when, on June thirteenth, defendant Pure Strain Farms Company petitioned for leave to intervene, alleging that in or about the month of January, 1911, it became the owner of the lands described in said mortgage; that the mortgage was apparently a lien thereon; that it had an interest in and to the said real property, the title to which is and will be affected by the judgment in said foreclosure action. After hearing the petitioners the application was granted. I quote the essential parts of the order:

" *Second.* That the said Pure Strain Farms Company be and it is hereby authorized and permitted to intervene in this action, and it is hereby made a party hereto with the same force and effect as though said company had been a party defendant to this action.

" *Third.* And it is hereby further ordered that the said Pure Strain Farms Company may have the rights, powers and defense, and may move in this action as though it had been made a party defendant herein in the first instance.

"Further ordered, that the answer of said company shall be served upon plaintiff's counsel June 14, 1916."

Pursuant to this order, defendant's counsel served a notice of retainer and appearance in the action, was served with a copy of the complaint, but instead of serving an answer, appealed from that part of the order which required its answer to be served June fourteenth. The case remained on the calendar and was reached for trial a few days thereafter, when plaintiffs' proofs were taken and judgment of foreclosure and sale ordered, defendant failing to appear, relying apparently wholly upon its said appeal. The order was afterward affirmed by this court (175 App. Div. 910). Defendant made no effort to open the judgment or to review it upon appeal. Among the findings made by the court were these:

" *Fourth.* That said bond and mortgage were made, executed and delivered for valuable consideration.

" *Fifth.* That at the time of the execution and delivery of said bond and mortgage the said defendant Frederick A. Brotsch, Jr., was the owner in fee simple of the whole of the premises described in said mortgage, and that the defendant Claribel Bergener Brotsch was the owner of an inchoate right of dower in said premises."

There was found to be due the plaintiffs upon said mortgage the full principal of $7,500 and interest, amounting in all to $8,922.50. The usual decree of foreclosure and sale was thereafter entered.

Defendant Pure Strain Farms Company filed exceptions to these findings shortly thereafter. In the findings and decree the name of the defendant Pure Strain Farms Company was added in the title of the cause as a defendant in the action.

The complaint in that action, among other things, asks the following relief: " The plaintiffs, therefore, demand that the defendants and all persons claiming under them, or either or any of them subsequent to the commencement of this action, *and every person whose conveyance or encumbrance is subsequent or subsequently recorded,* may be barred and foreclosed of all right, claim, lien and equity of redemption, dower, right of dower or inchoate right of dower in said mortgaged premises." It appears from the judgment roll that the bond and mortgage were produced and introduced in evidence. Judgment of foreclosure and sale was entered June 29, 1916. The premises were advertised for sale by the referee appointed by the judgment, and were sold and bid in by the plaintiffs on December 14, 1916. Prior to this sale, on December 5, 1916, defendant Pure Strain Farms Company, or some one in its behalf, placed on record the two deeds under which plaintiffs claim title from · Frederick A. Brotsch, Sr., and wife and Frederick A. Brotsch, Jr., and wife. These deeds bear date January 6, 1911, which is prior to the date of plaintiffs' mortgage.

A day or two before the foreclosure sale the present defendant began an action against these plaintiffs to cancel of record the plaintiffs' mortgage, on the ground that it was a cloud upon plaintiffs' title. This case came to trial after the plaintiffs acquired their title under the foreclosure decree, and the complaint in the action was dismissed by the trial court at the opening of the trial upon the pleadings. The judgment roll in that action was also introduced upon the trial in this action, but as the judgment in that case has, since the trial of this action, been reversed by this court, it is not necessary to consider its probative value here.

The question here is whether the decree in the foreclosure action was sufficient of itself to entitle plaintiffs to the relief which has been accorded to them by the judgment now under review.

I think it was entirely sufficient for that purpose.

It is, of course, well settled that a plaintiff in a foreclosure action cannot cut off a title or lien which is, in fact, prior to its mortgage, by making the holder a party under the general allegation that defendant has or claims some lien or interest

in the mortgaged premises which is subsequent to the plaintiff's mortgage, and that a judgment by default in such a case does not affect the lien or title which is, in fact, prior to the mortgage. But the question here is whether the defendant did have a title under its deed from the Brotschs, which was, in fact, prior and superior to the plaintiffs' mortgage. Such a question might properly be litigated in this action as both parties are claiming under the mortgagor, and defendant's conveyance not having been recorded until after plaintiffs' mortgage would, in fact, be subordinate to plaintiffs' mortgage, provided plaintiffs were holders for a valuable consideration, without notice of such conveyance. (*Constant* v. *American Baptist Home Mission Society*, 53 N. Y. Super. Ct. 170; *Metropolitan Trust Co.* v. *Dolgeville Elec. Light & Power Co.*, 34 Misc. Rep. 354; *Brown* v. *Volkening*, 64 N. Y. 76; *Wade* v. *Strever*, 166 id. 251.)

Concededly, the deeds under which defendant claims were not on record at the time plaintiffs received their mortgage. The finding in the foreclosure action is that plaintiffs received their mortgage for a valuable consideration, and at that time defendant Frederick A. Brotsch, Jr., was the owner in fee of the property. So long as these findings stand, I think they are a bar to any further litigation on the question by the defendant here.

A conveyance made for a valuable consideration is presumed to be *bona fide* within the Recording Acts. (*Wood* v. *Chapin*, 13 N. Y. 509; *Ward* v. *Isbill*, 73 Hun, 550; *Weideman* v. *Zielinska*, 102 App. Div. 163; *Turner* v. *Howard*, 10 id. 555; *Lacustrine Fertilizer Co.* v. *Lake Guano & Fertilizer Co.*, 82 N. Y. 476.)

The court before whom the foreclosure action was tried no doubt found in the bond and mortgage recitals sufficient to support the finding which it made that the bond and mortgage were delivered for a valuable consideration.

The fact also that the mortgagor, Frederick A. Brotsch, Jr., was an officer of the defendant Pure Strain Farms Company, and as such verified the petition for intervention by that company, and was himself the grantor in the deed to that company, may have been regarded as significant upon the question of the *bona fides* of its claim.

I think that judgment is a bar to any further litigation by the defendant of the question as to whether the plaintiffs received their bond and mortgage for value and without notice of any prior deeds to it of the mortgaged premises. This, of course, is upon the theory that the defendant became a party to that action and is concluded by the judgment. That it did become a party is manifest from the record. The petition for leave to intervene was filed. This petition was granted. True, it was ordered to serve its answer within one day, the case being then upon the day calendar and ready for trial. This court held that such a requirement was proper, in view of the laches of the defendant in making its application to intervene. But defendant did, pursuant to the order, actually intervene by serving notice of appearance, by accepting service of a copy of the complaint and by filing exceptions to the findings of the court. If an error was made in those findings or in that decree, it cannot attack them collaterally. Its remedy was either by appeal or by procuring the judgment to be opened to permit it to defend in that action. The judgment should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.