EVELYN H. CLARK, Plaintiff, *v.* GEORGE W. FULLER and Others, Defendants.

Supreme Court, Chautauqua County, January 27, 1930.

*Parker & O'Connor*, for the plaintiff.

*William S. Stearns*, for the defendants William F. Goldberg and Minnie Goldberg.

LYTLE, J. The plaintiff has brought this action to foreclose a mortgage made by the defendant George W. Fuller and his wife, as security for the repayment of the sum of $350. The mortgage is dated June 30, 1914, and was duly recorded in the office of the clerk of Chautauqua county on December 12, 1914. This mortgage was given to Ralph A. Hall.

The defendants William F. Goldberg and Minnie Goldberg, the present record owners of the premises sought to be foreclosed herein, appeared in this action, and for their answer allege, among other things, that in or about the month of November, 1927, one William S. Stearns, then being the owner of three mortgages covering the lands and premises described in the complaint in the present action, commenced foreclosure proceedings in Supreme Court, Chautauqua county, to which proceedings and actions the said Ralph A. Hall was duly made a party and duly personally served with the summons and complaint in said action; that shortly after such service the said Ralph A. Hall died testate a resident of the county of Chautauqua, and thereafter his said will was duly probated by the Surrogate's Court of Chautauqua county and Evelyn H. Clark and Walter M. Clark were duly appointed executors thereof; that thereafter by consent of said executors they were duly made parties to the said foreclosure action in the place and stead of Ralph A. Hall, and did suffer and permit a judgment of foreclosure and sale to be entered in the said Supreme Court action; that the complaint in said action so served upon the said Ralph A. Hall did allege and charge as follows:

" Plaintiff further demands that the defendants and all persons claiming under them, or either of them, or any of them, and every person whose conveyance or incumbrance is subsequent, or subsequently recorded, may be barred and foreclosed of all right, claim, lien and equity of redemption, dower, right of dower or inchoate right of dower in said mortgaged premises; that the said premises or so much thereof as may be sufficient to raise the amounts due the plaintiff, for all sums paid for insurance, taxes and assessments, and also for principal, interest and costs, and which may be sold in parcels without material injury to the parties interested, may be decreed to be sold according to law; that the premises be sold free of all liens and incumbrances; that the equities of the mortgagees be fixed; and that out of all moneys arising from the sale thereof the plaintiff may be paid the amount due on the said bonds and mortgages, with interest to the time of such payment, and the costs and expenses of this action, so far as the amounts of such moneys properly applicable thereto will pay the same; and the officer making such sale be directed to pay from the proceeds of such sale all taxes,

assessments and water rates which are liens on the property sold; and that the defendants George W. Fuller and M. Berdena Fuller, his wife, may be adjudged to pay any deficiency which may remain after applying all said moneys so applicable thereto, and that plaintiff may have such other or further relief or both, in the premises as shall be just and equitable."

That the judgment of foreclosure and sale, so entered in the said action, did also, among other things, adjudge and decree as follows: " It is further ordered and adjudged that the defendants and each of them, and all persons claiming under them, or any or either of them, after the filing of said notice of pendency of this action, be forever barred and foreclosed of all right, title, interest, claim, lien and equity of redemption in and to the mortgaged premises so sold, or any part thereof, which shall include the State Bank of Brocton, which obtained a judgment against the defendants Fuller subsequent to filing of such *lis pendens.*"

That said premises were so sold in said Supreme Court action free and clear of all liens, claims and incumbrances, and the lien and claims of the mortgagee set out herein were cut off so that at the time of the commencement of this suit they had no validity or vitality whatever so far as the lands and premises herein described are concerned.

That after the said mortgaged premises were so sold as aforesaid, the said sale was ratified and confirmed by order of the court and the decree confirming and ratifying the sale still stands in full force and virtue.

The judgment of foreclosure of sale in said prior action was granted on the 25th day of October, 1928. The estate of Ralph A. Hall was settled, and the executors were discharged on February 13, 1929. By the terms of the residuary clause in the will of said Ralph A. Hall, deceased, the plaintiff in this action became the owner and holder of the bond and mortgage sought to be foreclosed herein. This action was commenced on the 10th day of July, 1929.

In the prior action the junior mortgagee foreclosed several mortgages covering several parcels of land and joined as parties defendant prior mortgagees, so as to be in a position to sell the various parcels of land free and clear of all liens. Although Ralph A. Hall was personally served in said prior action he failed to appear or answer, and upon his death, after the substitution of the executors of his estate as parties defendant, the executors defaulted in appearing or answering in said action.

The sole question presented herein is whether the judgment

of foreclosure and sale in the foreclosure of the junior mortgage is a bar to the present action.

In the prior action other defendants who held superior liens appeared in the action and urged the dismissal of the complaint as to them, because they were holding liens prior to the mortgage on some of the parcels of the land included in said foreclosure, on the theory that they were not necessary parties and that a junior mortgagee could not, by making them parties defendant, cut off their liens or affect their rights in the premises. The trial court in considering the issue raised by the other prior mortgagees in a written memorandum made on the 2d day of May, 1928, held that the premises should:

" Be sold free of the lien of the prior mortgages, by making provision, in the judgment, for the payment, out of the proceeds of the sale, of the mortgages in the order of their priority. (*Guilford v. Jacobie*, 69 Hun, 420, and cases therein cited.)

" This case presented a situation where the Court, by its judgment, ought to grant the relief asked by plaintiff. The mortgages are all long past due. The property has been sold for taxes. The first mortgagee ought not to hang on to his security to the embarrassment of subsequent lienors who, also, have rights and equities that need protection.

" The pleadings are not before me, but I assume that the Complaint properly sets forth the necessity for the remedy the plaintiff now asks; if not it may be amended.

" Plaintiff's judgment may provide for a sale free of the liens of former mortgages that are due, and for payment of the mortgages, in the order of priority out of the proceeds of the sale."

The original complaint, the first amended complaint, and the second amended complaint in the prior action did not specifically allege the interest of Ralph A. Hall in said premises sought to be foreclosed, but contained the general allegations: " That all the defendants have or claim to have some interest in or lien upon the mortgaged premises."

The findings of fact and conclusions of law in the prior action were signed on July 24, 1928, and the court in the 56th finding of fact found: " That since the commencement of this action the defendant, Ralph A. Hall, died testate a resident of the County of Chautauqua, and the executors of his will have been substituted as parties hereto, and he appears to have some mortgage interest in the said mortgaged premises, but what the amount is the Court is unable to determine for lack of proof."

In the first finding of law, the trial court in the prior action directed that the mortgaged premises be sold at a public auction,

free and clear of all liens, claims, incumbrances, taxes, water rates and assessments; that out of the proceeds of the sale, after deducting the amount of his fees and expenses, the referee pay all taxes, assessments and water rates which are liens upon the property, and redeem the property sold from any sale for unpaid taxes, assessments or water rates which have not apparently become absolute; that the referee pay the plaintiff's attorney in said action the amount of his costs and charges in the action, plus an additional two and one-half per cent allowance with interest; that the referee pay to each party in said action the amount found to be due him with interest therein in the priority of his lien as determined by the decision and the judgment of foreclosure.

The defendants in contending that prior judgment of foreclosure and sale is a bar to the present action rely upon section 1085 of the Civil Practice Act and the following authorities: *Jacobie* v. *Mickle* (144 N. Y. 237); *Newton* v. *Evers* (215 id. 198, 209); *Emigrant Industrial Sav. Bank* v. *Goldman* (75 id. 127); *Guilford* v. *Jacobie* (69 Hun, 420).

The plaintiff on the other hand contends that the prior judgment for foreclosure and sale is not a bar to the present action, and cites: *Smith* v. *Roberts* (91 N. Y. 470); *Emigrant Industrial Sav. Bank* v. *Goldman* (75 id. 127); *Guilford* v. *Jacobie* (69 Hun, 420); *Citizens' Sav. & Loan Ass'n* v. *Rampe* (116 N. Y. Supp. 597).

In *Jacobie* v. *Mickle* (*supra*) the complaint in the prior foreclosure action alleged the existence of a prior mortgage, and in the prayer for relief it was asked that the amount due thereon be ascertained and first paid out of the proceeds of sale, and the owner of the prior mortgage was made a party and suffered default and the judgment followed the prayer for relief. The court held that such prior incumbrancer was concluded by the judgment, and so that it was a bar to the maintenance of an action to foreclose his mortgage.

The court said: " It is undoubtedly the general rule that the only proper parties to an action of mortgage foreclosure are the mortgagee and mortgagor and those who have acquired rights under them subsequent to the mortgage. It has been held that where the prior incumbrancer has been made a party defendant in the foreclosure action, under a complaint in the usual form, alleging that such incumbrancer's interest is subordinate to the mortgage, and containing the usual prayer for judgment, and the usual judgment in foreclosure is rendered, the interest of the incumbrancer is not cut off by the sale under such a judgment. (*McReynolds* v. *Munns*, 2 Keyes, 214; *Lewis* v. *Smith*, 9 N. Y. 502; *Emigrant Industrial Savings Bank* v. *Goldman*, 75 id. 127; *Smith* v. *Roberts*, 91 id. 470;

*Holcomb* v. *Holcomb,* 2 Barb. 20.) But where the complaint in the foreclosure action alleges the prior incumbrance, and prays for relief that the amount due thereon be ascertained, *and that such amount be first paid out of the proceeds of the sale in foreclosure, and the judgment follows the prayer of the complaint,* it has never been doubted in any case that the prior incumbrancer suffering default in such an action is concluded by the judgment therein. In such an action the court has jurisdiction of the subject of the action and the parties, and it cannot be doubted that it can render judgment against a defaulting defendant in precise accordance with the prayer for relief."

In *Emigrant Industrial Savings Bank* v. *Goldman* (*supra*) a mechanic's lienor whose lien was prior to the mortgage was made a party defendant to a foreclosure sale, but the complaint did not ask to have the amount of his claim ascertained and paid out of the proceeds, and no such provision was contained in the judgment. The court held that the lien was not affected by the judgment, and that an appearance by the lienor and waiver of service of papers, except notice of sale and application for surplus moneys, was not a consent to come in subsequent to the mortgage and did not operate as an estoppel against a claim upon the premises by virtue of the lien, in the absence of proof that the premises were with his knowledge and acquiescence sold clear of the lien. The complaint in the foreclosure action in which the lienor was made party defendant contained the general clause that they had or claimed some interest or lien in the mortgaged premises, which interest or lien, if any, accrued subsequently to the plaintiff's mortgage, and the decree contained the usual clause foreclosing the defendants from any equity of redemption in the mortgaged premises.

The court said (at p. 131): " If the foreclosure did not extinguish the claim of Goldman, then the sale was made subject to it, and he was at liberty to enforce it against the premises. His claim was prior to the mortgage of the plaintiff, and he had a superior legal right to payment from the premises. It is settled that the only proper parties to a bill of foreclosure, so far as mere legal rights are concerned, are the mortgagor and mortgagee, and those who have acquired rights under them subsequent to the mortgage. (*Eagle F. Co.* v. *Lent,* 6 Paige, 635; *Frost* v. *Koon,* 30 N. Y. 428; *Lewis* v. *Smith,* 5 Seld. 502; *Corning* v. *Smith,* 2 id. 82; *Bank of Orleans* v. *Flagg,* 3 Barb. Ch. R. 318.) And these parties only are affected by the judgment. The statute declares that the deed ' shall vest in the purchaser the same estate that would have vested in the mortgagee if the equity of redemption had been foreclosed, and such deeds shall be as valid as if the same were executed by mortgagor

and mortgagee, and shall be an entire bar against each of them, and against all parties to the suit in which such sale was made, and against their heirs respectively, and all claiming under such heirs,' (2 R. S. 192), and this court in 5 Seld. (*supra*), in speaking of this section of the Revised Statutes said, that taking all the expressions together it is obvious that the ' entire bar ' which is spoken of refers to the rights and interests in the equity of redemption, and does not embrace interests which are paramount to the title of both mortgagor and mortgagee. In that case it was sought to bar the claim of dower of a widow under the foreclosure of a mortgage executed during coverture by the husband alone, she being made a party, and the general allegation being made as in this case, of an interest subsequent to the mortgage.

" The bill was taken as confessed, and the usual judgment entered, and the court held that the judgment did not affect any interest which she had prior to the mortgage. In *Holcomb* v. *Holcomb* (2 Barb. 20), HARRIS, J., expressed the opinion that if the facts were specifically stated, which were relied upon to defeat the prior right, the bill would be demurrable upon the ground that the plaintiff had no right to bring him into court in an action to foreclose a mortgage. The plaintiff may make prior incumbrancers parties, for the purpose of having the amount ascertained, and paid out of the proceeds, but no such purpose was indicated by the complaint in this case, and if we adopt the construction of this court as to the effect of the judgment, it would seem to follow that the plaintiff's claim was not affected by it, but only such rights or interests as he may have acquired subsequent to the mortgage."

In foreclosure actions prior incumbrancers are not necessary parties as the land may be sold subject to their liens, but they may be made parties to have the amount due them liquidated. If they are joined, and the complaint demands that they be paid out of the proceeds of sale, it seems they are cut off. (*Becker* v. *Howard*, 66 N. Y. 5; *Bache* v. *Doscher*, 67 id. 429; *Burchell* v. *Osborne*, 119 id. 486; *Metropolitan Trust Co.* v. *Dolgeville Electric Light & Power Co.*, 34 Misc. 354; *Goebel* v. *Iffla*, 111 N. Y. 170; *Merchants' Bank* v. *Thompson*, 55 id. 7.)

In *Merchants' Bank* v. *Thompson* (*supra*) the mortgage was executed by Thompson when he was married. It was not given for the purchase money, and his wife did not join in executing it. Although she was made a party to the action of foreclosure, the court held that she was not barred of her dower right by the judgment. There was no allegation in the complaint that the mortgage was prior or superior or hostile to her right or interest.

There was a general clause in the judgment that the defendants be foreclosed of all right in the premises.

In *Goebel* v. *Iffla* the court said (at p. 177), " while prior encumbrancers are neither necessary nor proper parties to an ordinary action of foreclosure, and that when made such under the general allegation that they claim an interest ' as subsequent purchaser, incumbrancer or otherwise,' a decree will not affect them."

In *Smith* v. *Roberts* (91 N. Y. 470) a similar defense was interposed to the effect that a subsequent mortgagee in foreclosing his mortgage made a prior mortgagee a party defendant. In his complaint, however, he did not set out the prior mortgage or allude to it at all. The only allegation affecting the senior mortgagee was the usual and ordinary one that certain of the defendants had or claimed an interest in the mortgaged premises, but the rights accrued subsequent to the mortgage sought to be foreclosed. That action proceeded to judgment and sale and the property was bid in. By the terms of sale the premises were sold free and clear of all liens and incumbrances. The court held that the defense pleaded as a bar to subsequent foreclosure by the senior mortgagee was no defense.

In *Tax Lien Co.* v. *Schultze* (213 N. Y. 9) an action was brought to foreclose a tax lien. The purchaser at the foreclosure sale declined to consummate the purchase, and motions were made to compel him to complete the purchase. The purchaser declined to complete his purchase for the alleged reason that the premises were affected by easements of light, air and access in favor of the adjoining owners, which were not cut off by the foreclosure of the tax lien, and which liens were in no way referred to by the terms of sale. The plaintiff in the action contended, however, that all of the adjoining owners were made parties defendants in the action to foreclose the tax lien, and that some of them appeared in the action and others defaulted after being duly served with process. The judgment in the action provided " that each and all of the defendants in the action who have been served with a summons, and all persons claiming under them or any of them, after the filing of the notice of pendency of action be and are hereby forever barred and foreclosed of all right, claim, lien, title, interest, easement, and equity of redemption in the premises affected by the transfer of tax lien, and each and every part thereof."

The court said (at p. 13): " It is in one of the affidavits stated that the complaint alleges: ' That all of the defendants have or may have and the plaintiff believes that such defendants have or may have an interest in or claim upon the real property hereinafter described by way of lien, mortgage, devise, dower right, pur-

chase, easement, operation of law, inheritance from or marriage with any of the above named defendants or otherwise.'

" It is not disputed that the defendants were the owners of easements appurtenant to adjoining lands. Such easements were acquired prior to the tax lien and were not subject to it.

" If a plaintiff in any foreclosure action chooses to make a person who claims that he holds a lien upon or interest in the property sought to be foreclosed that is prior and superior to the claim of the plaintiff, a party defendant, either for the purpose of determining the amount of the claim and paying it from the proceeds of sale or of having the same declared to be subject and subordinate to his lien, such claim should be clearly stated in the complaint.

" When a plaintiff so clearly states his claim in a complaint the defendant must appear in the action and present his claim by appropriate pleading or pleadings, and if necessary by proof or suffer the ordinary consequences of a default.

" If the plaintiff's claim is not so clearly stated in the complaint, but some general allegations are used therein to the effect that a claim is made by the defendant ' as subsequent purchaser or encumbrancer or otherwise,' it will not bar the defendant of rights that are superior and paramount to that of the plaintiff if he default therein. (*Lewis* v. *Smith*, 9 N. Y. 502; *Merchants' Bank* v. *Thomson*, 55 N. Y. 7: *Emigrant Industrial Savings Bank* v. *Goldman*, 75 N. Y. 127; *Goebel* v. *Iffla, supra; Nelson* v. *Brown*, 144 N. Y. 384; *Anderson* v. *McNeely*, 120 App. Div. 676; *Fern* v. *Osterhout*, 11 App. Div. 319; *Barker* v. *Burton*, 67 Barb. 458.)"

In *Smith* v. *Pure Strain Farms Co.* (180 App. Div. 703, 4th Dept.) the court said (at p. 707): " It is, of course, well settled that a plaintiff in a foreclosure action cannot cut off a title or lien which is, in fact, prior to its mortgage, by making the holder a party under the general allegation that defendant has or claims some lien or interest in the mortgaged premises which is subsequent to the plaintiff's mortgage, and that a judgment by default in such a case does not affect the lien or title which is, in fact, prior to the mortgage. But the question here is whether the defendant did have a title under its deed from the Brotschs, which was, in fact, prior and superior to the plaintiff's mortgage. Such a question might properly be litigated in this action as both parties are claiming under the mortgagor, and defendant's conveyance not having been recorded until after plaintiffs' mortgage would, in fact, be subordinate to plaintiffs' mortgage, provided plaintiffs were holders for a valuable consideration without notice of such conveyance. (*Constant* v. *American Baptist Home Mission Society*, 53 N. Y. Super. Ct. 170; *Metropolitan Trust Co.* v. *Dolgeville Elec. Light*

& *Power Co.*, 34 Misc. 354; *Brown* v. *Volkening*, 64 N. Y. 76; *Wade* v. *Strever*, 166 N. Y. 251.) "

An examination of the judgment roll in the prior action and the authorities lead me to the conclusion that the judgment of foreclosure and sale in the prior action is not a bar to the present action by the senior mortgagee. The plaintiff in the prior action, although desirous of selling the premises free and clear of all liens, failed to specify in his complaint the interest of the defendant Ralph A. Hall. The plaintiff in said action neglected in his prayer for relief to ask that the proceeds of sale be applied to payments of mortgages according to their priority. The plaintiff did ask that the equities of the mortgagees be fixed, but failed to adduce proof at the time of the trial of the action so as to enable the court to render a judgment and decision in accordance with the prayer for relief in the complaint. In view of the fact that the plaintiff in that action was a junior incumbrancer and it was his desire to sell the mortgaged premises free and clear of the lien of the senior mortgagee, it was his duty to set up the facts necessary in order to grant him the judgment of foreclosure and sale accordingly. The plaintiff in said prior action failed to apprise the defendant Ralph A. Hall or his successors in interest, of the fact that the plaintiff in that action was asking for a judgment which would remove Ralph A. Hall's lien from the real estate premises and transfer the same to the proceeds of sale. The plaintiff in that action, in order to secure the judgment of foreclosure and sale prayed for in his complaint, had the burden of establishing the various prior liens so that the trial court in the exercise of its discretion could properly determine whether it was a proper case for the court to render a judgment to the effect that the liens of prior mortgagees be transferred to the proceeds of sale and direct the payment of mortgages according to their priority.

The plaintiff, therefore, is entitled to a judgment of foreclosure. Let findings be prepared accordingly.