# NEW-YORK COMMON PLEAS.

## Augustus Jenkins agt. The Continental Insurance Company.

It is well settled that a junior incumbrancer is entitled to redeem a prior mortgage. And the redeeming party, who is not himself liable as a principal debtor, but who is compelled to redeem for the protection of his own lien upon the mortgaged premises, is entitled to *subrogation* to the rights of the *senior mortgagee.*

But the right of the redeeming party to subrogation does not necessarily follow from the right of redemption. That right depends upon the relation of the parties liable to be foreclosed, to each other, and upon the circumstances in which the right of redemption is sought to be exercised.

A junior mortgagee, who holds a mortgage given to secure a sum of money not yet due, or payable, who alleges nothing in his bill showing that it is in any manner necessary for his protection, or the preservation of the security he holds, cannot insist upon his right to pay off the first mortgage, and claim subrogation to the position of the first mortgagee, and compel the latter to assign to him the first bond and mortgage.

Subrogation in equity proceeds upon the ground that it is *necessary* to the *protection* of the party ; and this will be true when, " in order to make his own claim beneficial, or available," it is necessary " to disengage the property from the previous incumbrance."

When the second mortgage *becomes payable*, the holder comes with a full right to require that the property be applied to the payment of the sum due to him ; and this cannot be done without " disengaging it from previous incumbrances."

Jenkins agt. The Continental Insurance Company.

And where the holder of the first mortgage demands his money, or is proceeding to foreclose, then the second mortgagee may rightfully insist upon redeeming, and upon being subrogated to the rights of the first mortgagee.

If the claim to redemption comes from one who has received an absolute conveyance of the equity of redemption, the right to redeem is absolute and unqualified.

*Special Term, Dec.,* 1855.

DEMURRER to complaint for subrogation and redemption of mortgaged premises.

JAMES HUMPHREY, *for defendants.*
AUGUSTUS F. SMITH, *for plaintiff.*

WOODRUFF, Judge.   The general proposition, that a junior incumbrancer is entitled to redeem a prior mortgage, is, I apprehend, too well settled to be now opened for discussion.   Such is the language of the elementary treatises, and the right is recognized in numerous adjudged cases. (*Fell* agt. *Brown,* 2 *Bro. C. C.* 278; *Stonehemer* agt. *Thompson,* 2 *Atk.* 440; *Knight* agt. *Knight,* 3 *P., Williams* 331, 4 *Kent's Com.* 162; *Story's Eq. Jur.* § 1,023; *Burnet* agt. *Denniston et al.,* 5 *Johns. ch.* 35; *Pardee* agt. *Van Aulken,* 3 *Barb.* 535; *Averill* agt. *Taylor,* 4 *Selden,* 44; *Roosevelt* agt. *The President, &c., of the Bank of Niagara and others, Hopk. Ch. R.* 579, (*same case on appeal,* 4 *Com.* 409,).)

And the same authorities appear to me to establish that the redeeming party, who is not himself liable as a principal debtor, but who is compelled to redeem for the protection of his own lien upon the mortgaged premises, is entitled to subrogation to the rights of the senior mortgagee.   The right of the senior mortgagee to require payment of the mortgage debt, and, upon default, to file his bill and obtain a decree extinguishing the equity of redemption and foreclosing all who have an interest in the mortgaged premises, carries with it and implies a right in each one who is liable to be thus foreclosed, or rather, in those who are entitled to the estate of the mortgagor in the land, or who have a legal or equitable interest therein, to pay the mortgage debt in discharge of such senior mortgage.

To this extent the right of foreclosure and the right of redemption are correlative.

But the right of the redeeming party to subrogation does not necessarily follow from the right of redemption, although the language used by some would seem to warrant that inference. That right depends upon the relation of the parties liable to be foreclosed, to each other, the particular situation of the party claiming such right, and especially and generally upon the inquiry whether such subrogation is necessary for the protection of the rights of the redeeming party, and the preservation of his interest, and therefore upon the circumstances in which the right of redemption is sought to be exercised. Thus, when there are several successive mortgages upon the same premises, the mortgagor may have a decree for the redemption of the first mortgage ; but he, by payment under such a decree, acquires no right to subrogation. He pays his debt, and the first mortgage becomes thereby satisfied. So the grantee of the mortgagor, holding the fee subject to the mortgages, may redeem the first mortgage, but he does not thereby become entitled to subrogation.

This illustration bears upon the present case no further than to show that the right to redeem does not necessarily include the right to subrogation to the condition of the first mortgage.

In the present case, the defendants hold a mortgage which, according to its terms, is payable.

The plaintiff holds a mortgage given to secure a sum of money which will not become payable until the year 1858, and the question raised by the demurrer herein is, whether the plaintiff, to whom nothing is yet payable, who alleges nothing in his bill showing that it is in any manner necessary for his protection, or the preservation of the security he holds, can not only insist upon his right to pay off the first mortgage, but may also claim subrogation to the position of the first mortgagee, and compel the latter to assign to him the first bond and mortgage ?

And this inquiry involves a consideration of the ground upon which the right of subrogation in equity proceeds—which, ac-

cording to my view of the subject, is, that such subrogation is necessary to his protection, and this will be true when, "in order to make his own claim beneficial or available," it is necessary "to disengage the property from the previous incumbrance."

No such necessity, nor any reason whatever, is stated in the complaint herein for seeking to redeem the first mortgage—for aught that appears in the complaint, the mortgagor pays the interest accruing on the first mortgage promptly, and pays the interest accruing to the plaintiff as it becomes due, and is simply availing himself of the indulgence of the first mortgagee, and taking the credit which the terms of the plaintiff's mortgage give him. The first mortgagee does not call for the money, and does not wish to receive it.

The plaintiff appears to me to come as a mere volunteer, (to whom nothing is due—towards whom, for aught that appears, the mortgagor will perform every duty in due season for his protection,) to interfere between the first mortgagee and the debtor to compel the latter to pay the debt or submit to be foreclosed.

That there are circumstances in which such second mortgagee may not only redeem but may require such a subrogation cannot be denied, and when (as formerly) a mortgagee was entitled to the actual possession of the mortgaged premises, and to the receipt of the rents and profits in payment of the mortgage debt, such right is no doubt general.

In this last case, his title to the possession, and the rents and profits, cannot be exercised unless the prior incumbrance is removed.

But in this state no mortgagee can, by statute, maintain ejectment.

His only proceeding to reach the premises is by foreclosure; and so long as no sum, either of interest or principal, is due to him, the prior incumbrance deprives him of no interest in, or enjoyment of, the lands mortgaged. He holds his mortgage as a mere security for the future payment of moneys not yet due, and which, for aught that appears, and can be made to appear,

will be paid to him by the mortgagor when the day of payment arrives.

If the first mortgagee required that his debt should be paid—or was proceeding to foreclose; or if he or the mortgagor, or both, were doing anything whatever, or were about to do anything which could operate to make the second mortgage any less secure or available than it was at the moment the holder of the latter received it as a security, he might, with propriety and equity, call upon the court, not only to suffer him to redeem, but to compel an assignment of such first mortgage to him for his protection. I believe that in every case to which I have been referred by counsel, and all that I have examined, one of two reasons for claiming redemption and subrogation existed—either the second mortgage debt, or the debt secured by the subordinate lien, when redemption was sought by a lienholder by judgment (or otherwise) was actually due and payable, or the holder of the first mortgage was about to foreclose, or do some act which operated to impair the security of the claimant.

When the second mortgage becomes payable, the holder comes with a full right to require that the property be applied to the payment of the sum due to himself; and this cannot be done without "disengaging it from previous incumbrances;" and, on the other hand, the holder of the first mortgage demands his money, or is proceeding to foreclose, then the second mortgagee may rightfully insist upon redeeming, and upon being subrogated to the rights of the first mortgagee. If the claim to redemption comes from one who has received an absolute conveyance of the equity of redemption, the right to redeem is of course absolute and unqualified. But the second mortgagee in this case has only a conditional conveyance of that equity. He holds it merely as security, and unless he can show some reason why it is necessary for the preservation of his security that he should redeem, I perceive no sufficient reason for the interposition of the court to enable him to obtain the possession and control of the first mortgage debt. He has already all that he bargained for, and, so far as appears from the present

complaint, all to which he is equitably entitled. The purpose or motive prompting him to seek the redemption, is not disclosed by the present complaint; he rests on the naked fact that he holds a second mortgage not yet payable. If the court may consider what, from the description of the mortgaged premises given in the complaint, seems probable, viz., that the premises consist of a single lot of ground, with the building thereon, incapable of a sale in parcels, the plaintiff seeks, by obtaining the control of the first mortgage, to place himself in a position in which he may practically compel the payment of his own mortgage debt, although it will not be payable until 1858; for obviously if he foreclose the first mortgage, and the premises cannot be sold in parcels, he will, so far as the premises are sufficient, be able to collect both debts, unless the mortgagor is prepared to pay off the first mortgage.

So far as the condition of a second mortgage may be likened to that of a surety for the payment of the first mortgage, (and I am aware it has to some extent been so regarded,) so far he is entitled to be treated with favor in a court of equity; and I am free to say, that slight grounds to apprehend loss would be sufficient to warrant his prayer for the relief sought in this case; and if it appeared that the property was depreciating in value, or that it was not kept in repair, or that he had received his mortgage without actual knowledge of the existence of the first mortgage, or upon an express agreement, or even a plain duty on the part of the mortgagor to pay off the first incumbrance, when it became due, so as to render the second mortgage available for any ulterior purposes had in view at the time of its delivery, I think the court should, in either of these cases, as well as in the others before mentioned, grant him such relief. But, upon the merely naked statement that he holds a mortgage on the equity of redemption, conditioned for a future payment not yet due, it appears to me that he makes no case calling for the interference of a court of equity. He has no absolute interest in the equity of redemption, the mortgage being, under our laws, a mere security; he does not hold the whole interest of the mortgagor. The equity of redemption is pledged to him,

it is true, but with a condition hitherto fully performed, (so far as appears by the complaint,) and which may be fully performed in the future. He shows no reason why the court should interfere in his relief for any purpose. It will be in season to invoke such interposition when his mortgagor makes some default in the performance of the condition, or when the first mortgagee calls for payment, or when some fact can be alleged, showing that his own security is in peril, or that the mortgagor is suffering either the property to depreciate or the first mortgage debt to accumulate, or that the security is inadequate, or that the mortgagor is in the receipt of the rents and profits, without applying them towards the reduction of the first mortgage, or that some other reason exists for interference to save him from loss.

It is quite possible that special circumstances exist, in the present case, which, if alleged, would make the plaintiff's case quite clear; and, on the other hand, it may prove to be a contest between two mortgage creditors, as to who shall have the benefit of a safe investment on bond and mortgage which the mortgagor has no desire to pay off. If the latter be the truth, it is obvious that the mortgagor, by giving to the defendants another mortgage, even for one hundred dollars, on a credit of ten or twenty years, would place them in as good a position (even if the plaintiff was to have a decree herein) to claim, in their turn, a redemption of the first mortgage, as the plaintiff is now in.

The considerations I have mentioned, very naturally, I think, suggest the inquiry, whether, in any view of the case, a decree could be made for the plaintiff without having the mortgagor before the court, and also the present owner of the fee. The demurrer raises no such objection to the plaintiff's complaint; but inquiry may be useful if the plaintiff should think proper to amend his complaint in other respects, and deem it prudent to bring in other parties. (*See Fell* agt. *Brown*, 2 *Born. C. C.* 278, and 3 *P. Williams*, 331; *Stonehemer* agt. *Thompson*, 2 *Atk.* 440.)

My conclusion is, that the demurrer should be sustained, with leave to the plaintiff to amend on the usual terms.