Anthony McReynolds, Appellant, v. James Munns and Maria his wife, Eli P. Sherman, Loraine Freeman and Thomas Cockman, Respondents.

The decision in this case *seems* to be, that an order of the Supreme Court vacating a sale under foreclosure of a mortgage, and opening the judgment therein is not appealable.

A judgment under an action to foreclose a mortgage, that forecloses at the same time prior mortgages to that upon which the action was brought, is irregular, and was properly opened upon motion of the prior mortgagee.

This action was instituted to foreclose a mortgage. Loraine Freeman and Eli P. Sherman, two of the defendants, each had separate mortgages on the same property, and both of which mortgages were prior liens. Freeman and Sherman were made parties and served with summons and notice that no personal claim was made against them. Sherman, who is the moving party in the matter now before this court, was informed by his counsel that, as he held a prior lien, and no claim made against him, it was not necessary for him to pay any attention to the suit, and he put in no answer. His default was taken, and afterward he became aware that in addition to the usual judgment of foreclosure and sale, the complaint asked for and judgment was obtained not only having and foreclosing subsequent incumbrances, but also the defendants Freeman and Sherman, whose mortgages were prior to that of plaintiff. Under the judgment the property was sold and bid in by plaintiff, and the proceeds of the sale, after payment of plaintiff's costs, were paid to Sherman, but were not sufficient to discharge the amount due him on his mortgage, which was the first lien. The Supreme Court, in the first district, on the motion of defendant Freeman, ordered the sale to be vacated and the judgment opened, and that Freeman have notice of any future application which the plaintiff might make for judgment. From this order the appeal to this court was taken.

*W. R. Stafford*, for the appellant.

*Tracy, Powers & Tallmadge*, for the respondents.

Campbell, J. So far as mere legal rights are concerned upon a bill of foreclosure, the only proper parties to the suit are the mortgagor and the mortgagee, and those who have acquired rights or interests under them subsequent to the mortgage. Such was the language of the chancellor in *Eagle Fire Company* v. *Lent* (6 Paige, 637), and that language is quoted and approved in *Corning & Haner* v. *Smith* (2 Selden, 82). There were no rights, other than legal, involved in the foreclosure of plaintiff's mortgage. The prior mortgages were valid and subsisting liens on the property. The plaintiff's mortgage was due, and he had a legal right to commence and prosecute an action for the sale of the equity of redemption, and the foreclosure of all those who held incumbrances subsequent to his. But what equities were existing in his favor as against prior incumbrances? If the rents were not properly applied to keep down interest on such prior mortgages, or if the buildings needed repair, the plaintiff, by becoming the owner of the equity of redemption, subject to such prior liens, could himself make the application of the rents or make the necessary repairs, and so could any other purchaser, if one could be found willing to purchase subject to such prior incumbrances. As owner of the equity of redemption, the purchaser could compel the prior mortgagees to discharge their liens, if such mortgages had become due. But this discharge of liens could only be compelled on a full payment of principal and interest. This is all that purchasers can do. In our country the fluctuations in the value of real estate are very great. Lands which to-day are a slender security for money which may have been loaned by way of mortgage, become amply sufficient security to-morrow. But if the plaintiff's theory be correct, the mortgagee, as against a subsequent incumbrancer by way of mortgage, cannot exercise his own judgment as to whether he will retain his lien until the security

becomes good. The junior incumbrancer may say to him that he will sell the property to-day, and he will not wait for its increased value to-morrow. If it brings sufficient to pay the prior mortgage, well; but, whether it does or not, whatever is paid must be received in full satisfaction and discharge of the lien. The prior incumbrancer might thus say to the junior incumbrancer, because the latter had taken his security subject to such right on the part of the former. The rights of the parties could not be thus reversed, except with the express assent of the prior incumbrancer. No such assent was given by Sherman. There are no allegations in the complaint of any equitable consideration calling for such a judgment as was entered in this case. I very much doubt whether the court had power to enter such a judgment as was entered in this case on default. But it was clearly irregular, and was rightly opened by the Supreme Court. I think the order appealed from should be affirmed.

Five of the judges agreeing that the order in this case was not appealable, the appeal must be dismissed with costs.

All concur.