Bockes, J.
This is amotion for judgment as to the first alleged defense set up in the answer, on the ground that it is frivolous ; and to strike out the second alleged defense on the ground that it is false, hence, sham; and for general relief.
The action was brought to foreclose a mortgage, made July 18, 1861. The complaint contained all the usual and formal averments made in an action for foreclosure. The defendants, Fitzgerald, were made parties defendant, under the general averment, that they, John Fitzgerald and Edmund Fitzgerald, had or claimed to have some interest in or lien upon the mortgaged premises, or some part thereof, subsequent to the lien of the plaintiff’s mortgage.
The Fitzgeralds answered the complaint, and set up *371 in detail, as a first defense, that they were subsequent mortgagees under a mortgage made April 19, 1869; that prior to the commencement of this action they had commenced an action in this court to foreclose their mortgage; that they made the plaintiff herein, Mary C. Adams, a party defendant, setting out her prior mortgage lien ; and that they claimed judgment in their suit, as well for foreclosure of her mortgage as also for foreclosure of their own ; they also averred that their suit was still pending undetermined.
As a second defense they briefly and formally set up a pending suit between the same parties for the same cause of action set forth in the complaint in this action.
No defense going to the merits is interposed. The sole defense is matter in abatement of the suit. Let us now consider the subject of the motion ; and, first, a motion for judgment as to one defense on the ground of its frivolousness, and to strike out another because false and sham; both being set forth as affirmative defenses, and the only defenses interposed, maybe joined in one application. The motion, in this regard, is well conceived. Now, is the first alleged defense frivolous ? Is it groundless on its face ? The action is for the foreclosure of a mortgage dated July 18,1861. The alleged defense is this: that the defendants, the Fitzgeralds, as subsequent mortgagees under a mortgage dated April 19, 1869, had, prior to the commencement of this suit, commenced an action to foreclose their mortgage; had made the plaintiff herein a party defendant in that action, and that such action was still pending undetermined. There was no averment of any equity in their favor against the enforcement of the prior mortgage. The legal position sought to be maintained is this: that a subsequent mortgagee may institute an action to foreclose his mortgage; make a prior mortgagee a party defendant, and prevent the latter from enforcing his mortgage by suit to foreclose it; or, to state the posi *372 tion in another form, that a subsequent mortgagee may lay hold of a prior incumbrance held by another party, and enforce it contrary to the wishes of the latter, and even against his rights. I do not understand that this is admissible; and, as it seems to me, the mere statement of the proposition shows it to be utterly indefensible. The prior mortgagee may prefer to let his security remain. It may be against his interest, then, to call in the mortgage debt. But, whether against his interest or otherwise, it rests with Mm to elect for himself the time and manner of enforcing his security, so be it, that he does not hold it or put it forward in some way, unlawfully or inequitably, as against another, which is not pretended in' this case. Such is the rule of law, as laid down by the court of appeals in McReynolds v. Munns (2 Keyes, 214). Judge Campbell, in an opinion in which all the judges concurred, says: “So far as mere legal rights are concerned upon a bill of foreclosure, the only proper parties to the suit are the mortgagor and mortgagee, and those who have acquired rights or interests under them subsequentf to the mortgage,” and he adds, “such was the language of the Chancellor in the Eagle Fire Co. v. Lent (6 Paige, 635, 637), and that language is quoted and approved in Corning v. Smith (6 N. Y. 82).” I can do no better than here quote liberally from the opinion of Judge Campbell, as his remarks are based on precisely the same facts as exist in the case in hand. He says: “There were no rights, other than legal, involved in the foreclosure of the plaintiff’s mortgage. The prior mortgages were valid and subsisting liens on the property. The plaintiff’s mortgage” (Mr. Fitzgerald’s mortgage) “was due, and he had a legal right to commence and prosecute an action for the sale of the equity of redemption, and the foreclosure of all those who* hold incumbrances subsequent to Ms. But what equities were existing in his favor as against prior incum *373 brances?” So this pertinent question may be put in the case in hand. What equities exist in Fitzgerald’s favor as against the plaintiff’s prior mortgage 1 None are asserted. Judge Campbell adds: “In our country the fluctuations in the value of real estate are very great. Lands, which to-day are a slender security for money which may have been loaned by way of mortgage, become amply sufficient security to-morrow. But, if the plaintiff’s theory be correct, the mortgagee, as against a subsequent incumbrancer by way of mortgage, cannot exercise his own judgment as to whether he will retain his lien until the security becomes good.”
This question was again considered in Emigrant Industrial Savings Bank v. Goldman (75 N. Y. 127), where Judge Churoii says: “It is settled that the only proper parties to a bill of foreclosure, so far as mere legal rights are concerned, are the mortgagor and mortgagee, and those who have acquired rights under them subsequent to the mortgage’ and the learned judge cites several cases in support of this position; and he adds : “ Those parties only, are affected Toy the judgment,” referring to the provision of the statute which declares the effect of a judgment and sale on foreclosure. The learned judge cites the Eagle Fire Co. v. Lent (6 Paige, 635), and, by the citation as an authority, makes the case the same on principle, as it would be had the subsequent mortgagee made a prior lienor a party defendant in his foreclosure suit and assailed the validity of such prior lien. All the cases hold that this cannot be done (see also Payn v. Grant, 23 Hun, 134).
So it was distinctly held in the cases cited that a subsequent mortgagee could not make a prior incumbrancer by mortgage a party to his suit for foreclosure, and have a foreclosure of such prior mortgage in his suit, relying simply and only on his legal right to foreclose his own mortgage. Any other, doctrine would be strange indeed. The subsequent' mortgagee *374 takes his mortgage subject to the prior lien. He acquires no right to control or authority over such prior lien, in the absence of a special equity in his favor, of some kind. He could not, simply because of the fact that he was a subsequent lienor, compel the prior lienor to put the mortgaged premises in market, when and as he might choose, for the reasons stated by Judge Campbell in McReynolds v. Munns (supra), and for the additional reason, in the present case, that by so doing he might take away a right to a higher rate of interest than could be now claimed by law on a re-investment. Even a bill to redeem on an offer of pajrment by the owner of the equity of redemption would not bar an action to'foreclose, brought by a mortgagee, and for the reason that, if the mortgagee’s bill should be withdrawn or dismissed, still the mortgagee would be entitled to the relief sought by his foreclosure suit (16 Barb. 476). The right of a subsequent incumbrancer to redeem from a prior mortgagee by an offer to pay the prior mortgage or to be subrogated in a case where the right of subrogation exists, is discussed in Jenkins v. Continental Ins. Co. (12 How. Pr. 66), also in Pardee v. Van Anken (3 Barb. 534), (see also Ellsworth v. Lockwood, 42 N. Y. 89). Here the subsequent lienors, the Fitzgeralds, do not ask to redeem, claim no assignment, made no offer of payment, nor do they show or claim any right to a subrogation. It does not, however, seem to be entirely settled that a junior mortgagee may even redeem from a senior incumbrancer, basing his right to redeem on an offer of payment merely because of Ms position as such. Judge Earl, in Frost v. Yonkers Savings Bank (70 N. Y. 553, 556), says: “It is not necessary to go the length of holding (what is warranted by the general language used in some of the books) that a junior mortgagee, simply as such, has, under all circumstances, the right to pay off or redeem from a senior mortgage past due,” and he adds, *375 “such right may not exist when the senior mortgagee desires to hold his mortgage as an investment, and does not seek or threaten to enforce its collection. In such case the junior mortgagee may be in no danger of loss or embarrassment, and thus may not have any equitable right to disturb or interfere with the senior mortgage, to which he is not a party and for the payment of which he is in no way liable.” Here is a recognition of tile doctrine laid down in McReynolds v. Munns. It was held by Judge Ingalls, on deciding the demur- ' rer in the Fitzgeralds’ suit, that a junior mortgagee had no right to contest the validity of a senior mortgage in a suit for the foreclosure of his mortgage (Holcomb v. Holcomb, 2 Barb. 20; Lewis v. Smith, 11 Barb. 152; S. C., 9 N. Y. 502 ; Corning v. Smith, 6 N. Y. 82). Thus we are brought back to the law as laid down by the court of appeals in McReynolds v. Munns and in other cases in that court. The doctrine of the case of McReynolds v. Munns has stood unquestioned for seventeen years. A pleading, based on a principle in hostility to it—wholly indefensible under it—should be held to be frivolous.
It is suggested that this conclusion is in hostility to the decision of Mr. Justice Westbrook on demurrer to the complaint in Fitzgeralds’ action ; but I do not understand that Judge Westbrook held or intended to decide that the Fitzgeralds might set up the pendency of their suit to defeat a foreclosure by the plaintiff of his prior mortgage. If Judge Westbrook so decided, I think it would be in direct hostility to the decisions by the court of appeals in the cases above cited.
This conclusion does not dispose of the question presented on the application for judgment on the formal answer of pending suit, on the ground that it is false and sham. On this point there is first a question of fact to be settled. Is the answer of pending suit, interposed in this case, false in fact ? This is an affir *376 mative defense—hence, may be stricken out as sham, if it be incontrovertibly and admittedly without foundation in fact, and false. This answer of pending suit is insisted on as true, because, as is alleged and claimed, there was a suit pending, when this action was commenced, for the foreclosure of the same mortgage here in suit. According to the papers before me on this motion, and as was admitted on the argument, this plea of pending suit could not be sustained, and was false in fact, unless the question above, found to be wholly untenable, should be determined favorably to the defendants, the Fitzgeralds—that is, unless a junior mortgagee might, in his action to foreclose his mortgage, make a senior mortgagee a party defendant, and have a foreclosure in that suit of such senior mortgage simply and only on the ground of his being a junior mortgagee. The conclusion above declared determines the question of the falsity of the answer in the plaintiff’s favor.
But there is another ground of support for the plaintiff’s application. At the time of the commencement of this action by the senior mortgágee, there was no action pending by any one for the foreclosure of such prior or senior mortgage. As is conceded, the only suit then pending was one by the junior mortgagees the Fitzgeralds, to foreclose that mortgage in which they had made the plaintiff here (the prior mortgagee) a party defendant, wherein they assailed the validity of such prior mortgage, and asked to have it canceled. It was not an action to foreclose this mortgage, but was, in so far as it was intended to affect .that mortgage, an action for its cancellation. But it was held on demurrer to the complaint that even this action was not maintainable against the prior mortgagee. So there was no action, nor pretense of an action, to foreclose the plaintiff’s senior mortgage, pending when this action was commenced. That the Fitzgeralds *377 afterwards amended their compl-aint and attempted to change the action from one to cancel the prior mortgage to one for its foreclosure, does not dispose of the fact that when this suit was commenced to foreclose the senior mortgage, there was no suit pending for its foreclosure by any one, either with or without right so to do.
I conclude that plaintiff’g motion should be granted.