**255 FIFTH AVENUE CORPORATION, Plaintiff, *v.* GERALD G. FREEMAN and GERALD G. FREEMAN, INC., Defendants.**

Supreme Court, New York County, March, 1923.

Practice — motion to make complaint more definite and certain not an appearance under section 237 of the Civil Practice Act — when time to answer not extended under section 283 of the Civil Practice Act — when judgment by default will not be vacated.

Defendants' time to answer expired on February 15, 1923, at which time no formal notice of appearance or pleading had been served by them. They, however, on said last day gave notice of motion to make the complaint more definite and certain. The papers were returned with a statement that defendants were in default for failure to appear or answer and plaintiff without further

notice entered judgment. In denying defendants' motion to vacate the judgment, *held*, that defendants' motion to make the complaint more definite and certain was not an appearance in the action as provided by section 237 of the Civil Practice Act nor within section 283 of said act so as to extend their time to answer and that they were in default and not entitled to notice of entry of judgment.

Motion to open default and for other relief.

*Julius L. Pines*, for plaintiff.

*Samson Selig*, for defendants.

Bijur, J.   Three motions are made by defendants. The first, to vacate a judgment entered by plaintiff on defendants' default in appearance; second, to compel the plaintiff to make the complaint more definite and certain, and the third, for an extension of time to answer. As my disposition of the first motion renders the latter two futile they need not be discussed. Defendants' time to answer expired February 15, 1923.. No formal notice of appearance or pleading had been served by defendants up to that time. On the last day, however, defendants gave notice of their motion to make the complaint more definite and certain. The motion papers were returned by plaintiff's counsel with a letter stating that the defendants were in default for failure to answer or appear. Thereupon plaintiff entered judgment without further notice Section 237 of the Civil Practice Act specifies only three methods of " appearing " in an action (*Muslusky* v. *Lehigh Valley Coal Co.,* 225 N. Y. 584, 587), namely, service of notice of appearance of a copy of an answer or of a " notice of motion raising an objection to the complaint in point of law." The last phrase replaces the equivalent words " copy of a demurrer " employed in the corresponding section 421 of the Code of Civil Procedure (see note to section 237 of the Civil Practice Act, in report of the joint legislative committee of April 17, 1919). A suggestive discussion of " appearances " will be found in *Metal Shelter Co.* v. *Fosdick*, 172 N. Y. Supp. 273, where Mr. Justice Hotchkiss points out that from one aspect the word " appearance " may be used to designate the act of a party in subjecting himself to the jurisdiction of the court, but that it has a different connotation when employed to designate a step in the action entitling a party to rights thereunder. It is with the word in the latter sense alone that the present motion is concerned and which is dealt with in section 237. Under the former practice motions to correct or reform pleadings generally were never regarded as constituting a general appearance, and there is no reason to assume that the Civil Practice Act was intended to change the rule. Defendants' second contention is that their time

to answer was automatically extended under section 283 of the Civil Practice Act by the motion to make the complaint more definite and certain. Section 283, so far as material, reads: " If objections to a pleading, presented by motion, be not sustained the moving party may serve an answer or reply * * * as a matter of right * * * before the expiration of ten days after service of notice of the entry of the order deciding the motion." Section 283, however, is found in the Civil Practice Act in article 27, entitled " Pleadings," and under the last subheading of that article called " Objections to Pleadings." The first section under that subheading is section 277, which provides: " The demurrer is abolished. An objection to a pleading in point of law may be taken by motion for judgment as the rules provide." The intermediate sections relate solely to such motions, formerly called demurrers, and it seems to me to be evident that section 283 is intended to be confined to such motions. To interpret it as intended to cover corrective and regulatory motions such as are provided for under Civil Practice Rules 102 and 103 would apparently be inconsistent with the scheme of the act, out of harmony with the context of the section, and completely change the former practice. There is no indication of an intention to accomplish so radical a result. In my opinion the motion to make the complaint more definite and certain was not an appearance by the defendants in the action, nor does it come within section 283 of the act so as to extend their time to answer. Consequently the defendants were, at the time of the entry of the judgment, completely in default and not entitled to notice. The motion to vacate the judgment is, therefore, denied with ten dollars costs. The other motions, as I have said above, necessarily fall and are, therefore, similarly denied, but without costs.

Ordered accordingly.