In the Matter of the Application of ELIJAH B. RYAN, Respondent, for an Order to Show Cause Why Certain Real Estate Mortgages Should Not Be Assigned to Him as Junior Mortgagee.

LOUISE B. DILLON, Appellant.

**Mortgages** — assignment of senior mortgages to junior mortgagee — junior mortgagee has common-law right to assignment of senior mortgages which are in process of foreclosure on payment of amount due and costs — fact that senior mortgagee also holds subsequent and last mortgage does not bar right where she will not be in danger of loss — Real Property Law, § 275 (added by Laws of 1914, chap. 408, as amd. by Laws of 1915, chap. 493), not applicable to junior mortgagee — said section prevents owner from compelling assignment where senior mortgagee holds subsequent mortgage also.

A junior mortgagee has a common-law right to compel the holder of three senior mortgages which are in process of foreclosure to assign the same to the junior

mortgagee upon the payment of the amount due thereon, and the costs of the actions at the time of the tender, and the fact that the senior mortgagee is also the holder of a subsequent and last mortgage does not bar the right of the junior mortgagee to compel the assignment, where there is nothing to show that the senior mortgagee would be in danger of any' loss on her subsequent mortgage by reason of compelling the assignment of the senior mortgages to the junior mortgagee.

Section 275 of the Real Property Law (added by Laws of 1914, chap. 408, as amd. by Laws of 1915, chap. 493) applies only to the right of the owner of land to compel the assignment of mortgages to himself or to a designated person and does not restrict or abrogate the common-law right of a junior mortgagee to compel the assignment of senior mortgages where his interests are in danger by reason of foreclosure.

However, in this case the owner of the premises did not have the right to compel the senior mortgagee to assign her mortgages to the junior mortgagee for section 275 of the Real Property Law provides that an assignment cannot be compelled by the owner of land where the senior mortgagee also holds or has a junior or subsequent mortgage or lien on the same property, which is the situation in this case.

APPEAL by Louise B. Dillon from an order of the Supreme Court, made at the Otsego Special Term and entered in the office of the clerk of the county of Cortland on the 8th day of January, 1926, with notice of intention to bring up for review an order made at the Cortland Special Term, duly reargued at the Tompkins Special Term, and entered in the office of the clerk of the county of Cortland on the 8th day of December, 1925, granting the application of Elijah B. Ryan, as junior mortgagee, to have assigned to him certain senior mortgages held by Louise B. Dillon upon the same real property covered by his own mortgage, and to have her proceedings for the foreclosure of said senior mortgages discontinued.

*William D. Tuttle*, for the appellant.

*L. R. Chase*, for the respondent.

HINMAN, J. James G. Dillon, the owner of real property in the city of Cortland, N. Y., executed, at various times, four separate mortgages upon the same. The first of these mortgages was assigned by the mortgagee to the appellant, Louise B. Dillon, the sister of James G. Dillon. The second and third mortgages were given directly to Louise B. Dillon. The fourth mortgage was given to the respondent, Elijah B. Ryan. Thereafter James G. Dillon sold the real property to Phœbe A. Brown, from whom he received a purchase-money mortgage. Shortly after this sale, Louise Dillon commenced an action to foreclose the first mortgage, there being then due $850 of principal and some interest. Ryan, the holder of the fourth mortgage, was not named as a defendant. About two weeks later Louise Dillon caused a

notice of mortgage foreclosure to be published to foreclose the second mortgage, which was a $1,000 mortgage. A week thereafter she started another action to foreclose the third mortgage, which was a $470 mortgage. In this action she made Ryan a defendant. It is claimed that there was no purpose to make unnecessary and unreasonable costs and we may assume that was so, without further discussion. Shortly after these foreclosures had been commenced, James G. Dillon assigned to Louise Dillon the purchase-money mortgage which had been given to him by Phœbe A. Brown, and which was the fifth mortgage. The amount claimed to be due on the three senior mortgages, including interest, costs and disbursements on the three proceedings brought for their foreclosure, up to the 10th of October, 1925, was $2,667.09, which amount was on that date duly tendered to Louise Dillon by Ryan, as junior mortgagee, with the demand that said senior mortgages be assigned to him or some party designated by him. Louise Dillon rejected the demand. A motion was then made by Ryan to compel such assignment to him as junior mortgagee, which has resulted in two orders directing the assignments to be made, on payment of the amounts due, with interest and costs, and fixing the costs at $140, and directing that the foreclosure actions and the proceeding to foreclose by advertisement be thereupon discontinued. These orders were made after Louise Dillon had expressed her inability to take an assignment of the Ryan mortgage in response to a suggestion from the court that such an adjustment be considered. From these two orders Louise Dillon appeals.

The principle is well established in this State that when the owner of a senior mortgage is seeking to enforce collection by foreclosure, the holder of a junior mortgage is entitled to redeem and to be subrogated to the rights of the holder of the senior mortgage and may, upon tender of the amount due, with interest and costs, compel an assignment of the mortgage to him. (*Twombly v. Cassidy,* 82 N. Y. 155; *Frost v. Yonkers Savings Bank,* 70 id. 553; *Pardee v. Van Anken,* 3 Barb. 534; *Jenkins v. Continental Insurance Co.,* 12 How. Pr. 66.) " Such a right may not exist when the senior mortgagee desires to hold his mortgage as an investment, and does not seek or threaten to enforce its collection. In such case the junior mortgagee may be in no danger of loss or embarrassment, and thus may not have any equitable right to disturb or interfere with the senior mortgage to which he is not a party, and for the payment of which he is in no way liable." (*Frost v. Yonkers Savings Bank, supra,* 557.) On the other hand, if the senior mortgage is being foreclosed, the junior mortgagee

cannot protect himself without paying the antecedent mortgage. " He is bound to pay the demand of the senior incumbrancer before his own can be liquidated, and under the circumstances, it seems but equitable and just that he should be allowed to control the lien which stands in the way of obtaining the amount of his debt. The cases are numerous which uphold this equitable doctrine." (*Twombly* v. *Cassidy, supra,* 158.)

The confusion which has given rise to this appeal is more apparent than real. Louise Dillon, the holder of the three senior mortgages, took an assignment of the fifth mortgage after starting her foreclosures, and now raises the objection that she will be prejudiced if compelled to assign her senior mortgages to Ryan, the holder of the fourth mortgage, for the reason that she is now the holder of a subsequent mortgage. She does not show, however, that the assignment to Ryan leaves her in danger of loss or embarrassment by reason of her ownership of the fifth mortgage. Ryan apparently does not seek or threaten the foreclosure of his own mortgage or the mortgages which he asks to have assigned to him. The orders appealed from provide for the discontinuance of the pending foreclosures. Louise Dillon, under such circumstances, has no right in equity to redeem as the holder of the fifth mortgage and if she had such a right it would be necessary for her to tender payment of the Ryan mortgage in order to defeat the rights of Ryan as a junior mortgagee. An opportunity to take an assignment of the Ryan mortgage was afforded to her and she failed to embrace it.

The orders appealed from should be sustained under settled principles of the common law relating to the rights of a junior incumbrancer, unless section 275 of the Real Property Law (added by Laws of 1914, chap. 408, as amd. by Laws of 1915, chap. 493) requires a different determination. That section reads as follows: " Whenever a mortgage upon real property shall be due and payable the mortgagee or the owner and holder of the mortgage shall execute and deliver to any person or persons, or corporation, named by the *owner of the land* upon which the same is a lien, an assignment of the mortgage duly executed which may by its terms be without recourse to the assignor in any event and discharge such assignor from any liability thereunder to the assignee; provided a demand has been made of the holder of the mortgage by the *owner of the land* upon which the same is a lien for such assignment in lieu of a certificate of discharge of the same, and the full amount of principal and interest due on the mortgage and the usual fee for drawing the assignment is tendered or paid. But nothing in this section contained .shall require such execution and delivery of an assignment of the mortgage in lieu of a certificate of discharge

where the owner and holder of the mortgage so due and payable also holds or has a junior or subsequent mortgage or other lien on the same property."

The section quoted relates to the right of the owner of the land to make the demand. It does not abrogate the common-law rule as to the right of a junior incumbrancer to make a similar demand for assignment of a senior mortgage to himself or another in a proper case. The restriction contained in the last sentence of that section cannot be construed to enlarge the purport of the main provision and application of the section. The main provision has no relation to a junior incumbrancer. While Phœbe A. Brown, the owner of the land in question, made a demand upon Louise Dillon, just prior to the granting of the second order, for an assignment of the three senior mortgages to Ryan and made a tender of proper payment to her, the restriction of the last sentence of the said section applies by reason of the ownership of a subsequent mortgage by Louise Dillon. Thus the demand of Brown was unavailing to sustain the orders appealed from but the application of Ryan as junior incumbrancer was properly granted in the exercise of the equitable and discretionary powers of the court. The order of January 4, 1926, is misleading in that it recites the making of a tender of payment by Ryan pursuant to section 275 of the Real Property Law. This recital does not conform to the fact nor to the opinion written by the court which correctly concludes that Ryan is entitled to have the mortgages assigned to him upon his own demand as junior incumbrancer pursuant to the rules of the common law, rather than the statute. The orders correctly disposed of the matter and should be affirmed.

The orders appealed from should be affirmed, with ten dollars costs and disbursements.

Orders unanimously affirmed, with ten dollars costs and disbursements.