## HANES v. JOHNS et al.
### No. 458–A.

District Court, W. D. New York.
Feb. 16, 1932.

Sutherland & Dwyer, of Rochester, N. Y., for plaintiff.

Maloney & Foster, of Rochester, N. Y., for defendants.

KNIGHT, District Judge.

This is a motion to compel the defendants to accept service of plaintiff's reply to defendants' counterclaim. On December 14, 1931, a motion was argued before this court on an application for an order striking out so much of the counterclaim set up in defendants' answer wherein the defendants asked for affirmative equitable relief, "on the ground that said prayer for relief demands affirmative equitable relief to which the defendants are not entitled by law, and for such other and further relief as may be just." Such motion was denied and a copy of the order entered thereon served on plaintiff's attorneys on January 19, 1932. Plaintiff's reply was served on defendants' attorneys on January 29, 1932, and within ten days from the date of the service of the copy of the order aforesaid. Such reply was returned to plaintiff's attorneys by defendants' attorneys for the reason as stated thereon that, "The within Reply is herewith returned

to you for the reason that it was not served within the time prescribed by law."

■ Under Rules of Civil Practice N. Y., rule 109, subd. 4, the plaintiff may move for judgment dismissing the counterclaim on the ground "that the counterclaim is not one which may be properly interposed in the action." In the case at hand the *plaintiff so moved,* contending that the defendant could not demand affirmative equitable relief since he had adequate remedy at law. In support of his objection he cites Lynch & Varick v. Willard (1822) 6 Johns. Ch. (N. Y.) 342, 344, to show that a demurrer lies to the defense, against an equitable claim, of adequate remedy at law. That case is distinguishable from the case at hand in that there the objection was to the jurisdiction of the court, since the plaintiff, having an adequate remedy at law, had no standing in equity, while here the court has jurisdiction whether the counterclaim is legal or equitable, and the defendant having stated a good cause of action, a demurrer on the ground that the defendant has adequate remedy at law will not lie, and plaintiff's motion was properly denied.

■ Under section 283 (Civil Practice Act N. Y.), where a party is unsuccessful on a motion addressed to a pleading, his time to answer thereto is extended ten days from the date of service upon him of notice of entry of the order denying his motion.

Plaintiff's motion was such a motion as to come under section 283, since it was an objection in point of law such as was formerly taken by demurrer. Defendant admits that a motion addressed to a pleading in point of law comes within the provisions of section 283.

Had the plaintiff's objection been merely corrective, it could still have come within the scope of section 283, and secured for him the ten-day extension for serving his answer.

In 255 Fifth Avenue Corp. v. Freeman (1923) 120 Misc. Rep. 472, 199 N. Y. S. 519, 520, decided in the Supreme Court, New York County, the defendant's motion to make the complaint more definite and certain was denied on the grounds that he had not appeared in the action since he had not served a notice of appearance or an answer nor had he served a notice of motion objecting to the complaint on a point of law. As a further ground for its denial, the court said: "Section 283, however, is found in the Civil Practice Act in article 27, entitled 'Pleadings,' and under the last subheading of that article called 'Objections to Pleadings.' The first section under that subheading is section 277, which provides: 'The demurrer is abolished. An objection to a pleading in point of law may be taken by motion for judgment as the rules provide.' The intermediate sections relate solely to such motions, formerly called demurrers, and it seems to me to be evident that section 283 is intended to be confined to such motions. To interpret it as intended to cover corrective and regulatory motions, such as are provided for under Civil Practice Rules 102 and 103, would apparently be inconsistent with the scheme of the act, out of harmony with the context of the section, and completely change the former practice. There is no indication of an intention to accomplish so radical a result."

The above case was followed in the case of Shipley v. Schmitzer (1928 1st Dept.) 224 App. Div. 730, 229 N. Y. S. 915, which applied the same rule to section 282, holding that there was no abandonment of a motion to dismiss a complaint under rule 107, subd. 6, by service of an answer during the pendency of the motion.

Rothenberg v. Metzger (1929 2nd Dept.), 227 App. Div. 444, 238 N. Y. S. 139, held that section 282 did not apply to motions made under Rules of Civil Practice, rule 103, to strike out as sham, irrelevant, redundant, etc.

Against these cases is found DeGroot v. Brooklyn Daily Times (1930 2nd Dept.) 230 App. Div. 783, 244 N. Y. S. 778, which apparently overrules the above decision in the case of Rothenberg v. Metzger. It held as follows: "The motion papers were served before defendant's time to answer had expired. Defendant had ten days, after service on it of a copy of the order denying its motion, within which to serve its answer and was not in default in pleading. See section 283, Civil Practice Act. The complaint states more than one cause of action, and defendant is entitled to have them separately stated and numbered."

If the defendant were in default on the return day of the motion, he would have no standing in court, but in this case the court decided that his motion could be heard, and, therefore, the making of the motion must have been held to stay his time to answer until ten days after service upon him of a copy of the order disposing of his motion. Two justices, namely, Lazansky, Presiding Jus-

tice, and Rich, who had in 1929 concurred in the opinion in Rothenberg v. Metzger, reversed themselves to concur in the opinion in this case. It would seem, therefore, that this decision reverses Rothenberg v. Metzger and also Shipley v. Schmitzer, as well as 255 Fifth Ave. Corp. v. Freeman, inasmuch as both the Rothenberg and Shipley Cases were based on the opinion in the 255 Fifth Ave. Corp. Case.

In Wise v. Powell (1926 3d Dept.) 216 App. Div. 619, 215 N. Y. S. 693, 694, which was in contract, the plaintiff served his reply and later moved under Rules of Civil Practice, rule 109, to strike out a counterclaim in tort set up by the defendant's answer. The court ruled: "The objection that counterclaims in tort are not properly interposed to a complaint in contract arises under Civil Practice Act, § 278 (as amended by Laws 1921, c. 372), and Civil Practice Rules, rule 109, which must be read together. As the motion was not noticed within 10 days after the service of the answer, and in fact not until long after the reply was served (Civil Practice Act, § 282), the learned justice at Special Term properly overruled the objection on this ground."

Under this case, it would seem that if the plaintiff had noticed his motion in time it would have extended his time to answer until after decision of the motion. This case seems to be the most nearly parallel case to the one in hand, inasmuch as it involves a motion on a counterclaim and on the same ground of objection which plaintiff seems to have advanced on the argument of the motion, namely, that the counterclaim is not one properly interposed in the action.

Rice v. Rice (1921) 191 N. Y. S. 75, Supreme Court, Monroe County, held that inasmuch as the action was started prior to October 1, 1921, at which time the Civil Practice Act took effect, a motion to strike out a defense as irrelevant or redundant must be raised by demurrer on the trial but that, were the motion made under the Civil Practice Act, the service of a reply would be deemed as abandonment.

Under the decisions in DeGroot v. Brooklyn Daily Times and Rice v. Rice, it would seem that even a corrective motion extends the time in which to serve an answer or reply to ten days after notice of entry of an order on the motion.

Plaintiff's motion is granted, and the defendants are directed to accept service of said reply as of January 29, 1932. Ten dollars motion costs allowed.