CLARA GOLDSTEIN LEVIN, Plaintiff, *v.* EMIL CHARLES LEVIN and Other , as Executors, etc., of SIGMUND LEVIN, Deceased, and Others, Defendants.*

Supreme Court, Westchester County, August 3, 1935.

*B. Leo Schwarz* [*Gustave B. Garfield, Maurice V. Seligson* and *Isidore Lazarus* of counsel], for the plaintiff.

*Emil Levin* [*Herman A. Gray* and *Joseph A. Sarafite* of counsel], for the defendant-executors.

TAYLOR (GEORGE H., JR.), J. Disposing of the motion of the defendant-executors (order to show cause dated July 18, 1935) (a) to vacate the default judgment entered July 17, 1935, for $101,437.50, in favor of the plaintiff against the defendant-executors

---

* See, also, 157 Misc. 156.

as being improperly entered, (b) to declare the service of the notice of motion by said defendant-executors addressed to the complaint served on July 12, 1935, to have been timely and sufficient and compelling the plaintiff to retain and accept the same, or in the alternative (c) in effect that if the court find that the said defendants *were* in default that such default be opened; and for other relief: I determine (1) that the said defendant-executors as a matter of law were not in default for failure to answer at the time when the said judgment was so entered; this upon the facts as found by me *infra*; for (2) the said defendants' time to answer had been extended under Civil Practice Act, section 283; and (3) that said judgment was, therefore, improperly entered and that the said defendant-executors are entitled as a matter of right to have it vacated. The said motion is, therefore, granted accordingly, but under all the circumstances without motion costs.

My reasons follow: The action as to the said defendant-executors was commenced by a summons duly served upon one of them on June 6, 1935. They appeared generally on June 7, 1935, by Emil Charles Levin, their attorney of record, office address No. 1475 Broadway, New York city, and demanded service of a copy of the complaint and of all other papers in the action to be made upon said attorney. No complaint was ever served *upon said attorney of record* at his office or elsewhere. A copy of the same, however, *was* served — either on June 21 or June 22, 1935, for the exact date is in dispute — at the office of Gray & Grossman, of counsel for said attorney of record, and said counsel's clerk admitted service of such copy in the name of the attorney of record, the stamped admission being dated " June 22, 1935, Emil Charles Levin, 6:15." (Italics mine.) It is said that this admission of service was given without Levin's authority. Perhaps so, although I am not impressed with that suggestion. At all events Levin ratified it and recognized the service as valid; for on the 20th day after said June 22, 1935 (Rules Civ. Prac. rule 102), to wit, July 12, 1935, said attorney of record concedes, and the fact is not disputed, that he caused to be served on plaintiff's attorney " a notice of motion returnable July 19, 1935, addressed to the complaint under Rule 102, C. P. A." (sic) " asking for an order directing the plaintiff to file an amended complaint on the ground that the present complaint improperly joins three causes of action." The alleged unauthorized admission of service of a copy of the complaint was thus most certainly ratified by the attorney of record for the defendant-executors. Upon the proofs both by affidavit and orally taken I decide as a matter of fact that the copy of the complaint was duly served upon him under

the circumstances detailed, *on June 22, 1935*, and not earlier. The said notice of motion as to the alleged improper joinder of causes of action was, therefore, served in time. It had the effect at least in our department (see record and memorandum decision in *De Groot* v. *Brooklyn Daily Times*, 230 App. Div. 783 [Second Dept.]) of extending the time of the defendant-executors to serve an answer (Civ. Prac. Act, § 283, and read also § 278, subd. 1, cl. f) for ten days " after service of notice of the entry of the order deciding the motion, unless the court shall be of the opinion, to be stated in the order, that the objections [to the complaint] are frivolous." In the *De Groot* case our Appellate Division said in a situation involving a motion corresponding to the old time code demurrer (viz., separate stating and numbering of causes): " Defendant had ten days, after service on it of a copy of the order denying its motion, within which to serve its answer and was not in default in pleading. (See Civ. Prac. Act, § 283.)" The principle of the *De Groot* case applies here. I have not overlooked the opinion of my distinguished late colleague, Justice BIJUR, in *255 Fifth Avenue Corporation* v. *Freeman* (120 Misc. 472) which is said to hold to the contrary. The record in the *De Groot* case will show that his said opinion was before the Appellate Division, Second Department, when that court considered the *De Groot* case, and the result was as above stated with relation to the extension of the defendants' time under section 283. (Read, also, *Hanes* v. *Johns*, 56 F. [2d] 241.) I am pleased to be able to decide this way for manifestly whatever the merits of this controversy they should not be determined except after a trial of the issues which the defendants intimate will be framed in this case. I have found it proper to disregard as irrelevant the wealth of criticism of each other in which opposing counsel have indulged in the affidavits, which criticism has not been helpful to the court. As far as my own observation of counsel goes, I state that in this important and rather bitterly contested litigation, all counsel have been properly zealous and have displayed marked ability. Settle an order on notice before me at my chambers in Mount Vernon before August 8, 1935, vacating the judgment accordingly. The other motions directed to the complaint I will decide later.