LA SALLE EXTENSION UNIVERSITY, Plaintiff, *v.* EARLE PARELLA Defendant.

Municipal Court of New York, Borough of Manhattan, Fourth District, March 8, 1937.

*Reuben S. Levins,* for the plaintiff.

*Edelstein & Levine,* for the defendant.

LEWIS (DAVID C.), J.    After an answer had been interposed, a written stipulation was executed by the attorneys providing that the action be and the same is hereby settled by defendant agreeing to pay the sum of $113, payable in certain installments as specified. The stipulation further provides that in the event of a default in the payment of any installment for a period of ten days, judgment

may be entered for the full amount in the complaint. And there is an additional clause giving to the defendant the right to his reinstatement for the balance of the course in American Law and Procedure.

Without an order of the court and without any notice to the defendant, the plaintiff had a judgment entered by the clerk for the full amount.

The defendant moves to vacate the judgment. He pleads the alleged refusal of the plaintiff to complete the course as provided for by the stipulation of settlement, and alleges that he received no notice of any application for judgment.

The plaintiff contends the court lacks the power to entertain the motion.

The Municipal Court Code expressly authorizes a judgment by consent (§ 6, subd. 3). Unlike a judgment by confession or offer and acceptance of judgment, there seems to be no stated formula for a consent judgment. Consequently, we have some irregularities in the procedure and confusion or conflict in the law.

It is quite true that while the action is marked settled, it could not be brought to trial. (*Naegeli Furniture Co.* v. *Holstein*, 175 N. Y. Supp. 779.) But a stipulation for settlement, unless it so provides is not a discontinuance. An action ordinarily ends with a judgm nt or order of discontinuance. Until the entry of the judgment, t. action is still pending. The plaintiff insists that the stipulation completely paralyzed this court and left it powerless to act in the defendant's behalf. My mind balks at such judicial impotency. It is one thing to obey established precedent; a far different thing to surrender jurisdiction. By the commencement of the action and the joinder of issue, this court acquired jurisdiction. The stipulation did not oust the court of jurisdiction; it did not terminate the action. It did not discontinue the lawsuit. It was only a step — not the final step, in the action. It was followed by a judgment presumed to be entered in conformity with its terms. It seems to me, therefore, that the court retained its jurisdiction.

"All the proceedings in an action are under the control and subject to the direction of the court, so long as the action is pending. (*Buck* v. *Farralt*, 3 P. Wms. 242.) No fixed legal right exists to retain an order, or even a judgment in an action, and either may be vacated and set aside in the exercise of that discretion which exists in all courts of record. (*Foote* v. *Lathrop*, 41 N. Y. 358; *McReynolds* v. *Munns*, 2 Keyes, 214; *Dorris* v. *Congdon*, 28 N. Y. 122.)

" The only question that remains is, whether the court had power to relieve the parties from the stipulation and consent that the order be entered; for if the power existed, it was discretionary in

the court to grant the relief asked; and the order granted in the exercise of such discretion is not appealable to this court. It is not an unusual thing to relieve parties from stipulations made in the progress of the action; and courts have always regarded this as within their power and the exercise of it is frequently necessary to promote justice and prevent wrong.

" In *Malin* v. *Kinney* (1 Caines, 117), a party was relieved from a stipulation that two causes should abide the event of two others, after the latter had been tried. A like agreement made in open court was set aside and vacated, in *The Hiram* (1 Wheat. 440). Ch. J. MARSHALL says: ' If a judgment be confessed under a clear mistake, a court of law will set that judgment aside if application be made while the judgment is in its power.' See also *Buck* v. *Farralt* (3 P. Wms. 242). Even a release may be set aside on motion for fraud. (*Ferris* v. *Crawford*, 2 Denio, 595.) * * *

" Other cases might be referred to, but these suffice to show, upon authority, that the court below had control of the order entered by consent, and power to relieve the parties from their stipulation.

" Whether the causes assigned were sufficient to justify the court in the exercise of the power was exclusively for that court to determine; there certainly was not an entire absence of a foundation for the application. It is true, as urged by the appellants, that the stipulation was in the nature of a compact or agreement of the parties, and valid *per se;* but, like other compacts and agreements made in the progress of an action and affecting proceedings in it, it was liable to be dealt with *summarily* by the court, so long as the parties could be restored to the same condition in which they would have been if no agreement had been made." (Italics mine.) (*Barry* v. *Mutual Life Ins. Co.*, 53 N. Y. 536, at pp. 539, 540.) (See, also, *Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435, at pp. 444, 445, 446.)

Furthermore, this stipulation did not withdraw the defendant's answer, nor did it waive notice of any application for judgment. Yet the plaintiff entered judgment before the clerk without any notice to the defendant and without any order from the court.

It follows, therefore, that unless the plaintiff had an absolute right to enter this judgment, this court and the defendant are not barred from questioning it.

The plaintiff maintains that this court cannot consider the matter upon a motion in the action and submits several precedents, which at first sight seem to support its contention.

" The defendant-respondent's remedy is not a motion to set aside the judgment entered pursuant to such settlement. He may bring suit for breach of the terms of such stipulation." (*La Salle Extension University* v. *Pappace*, 152 Misc. 274.)

Such procedure is an invitation to further litigation, an unpopular thought. It seems to me that unless the court lost jurisdiction, it at least has the right, if not the duty, to allow the defendant his day in court before a final judgment is entered against him.

However, if one probes these citations submitted by the plaintiff, and explores their legal foundation, he begins to suspect their soundness and to doubt their conclusiveness. They are built on the legal premise that there is a stipulation of settlement constituting a new and valid agreement between the parties, existing independently of, if not entirely divorced from the action, and discontinuing and terminating the action.

It cannot be disputed that the final termination of the action also terminates the jurisdiction of the court. Hence, if either side seeks to recover for a breach of such an agreement or to set it aside, recourse must be had to a new and appropriate action, for there is no longer any action pending in the court in which an application can be made.

The case before me presents an entirely different situation. Here the facts and features are so different that they forbid resemblance. This action was not discontinued; it was continued. This defendant does not seek to evade the stipulation; he wants to maintain it. In fact, the shoe is on the other foot, for it is the defendant's claim that while the plaintiff defaulted in the performance of its own obligation, it seeks to hold the defendant to complete performance on his part. Such one-sided justice cannot claim judicial sanction. Why then should a court endeavor to sustain what it will not sanction?

Motion granted. Settle order on two days' notice.